### In re TODD BLDG. CORPORATION.

### TODD BLDG. CORPORATION et al. v. HELLER.

#### No. 9625.

United States Court of Appeals Seventh Circuit.

Jan. 18, 1949.

Rehearing Denied Feb. 25, 1949.

See also 172 F.2d 248.

Leon Schmidt, of Milwaukee, Wis., Edward Rothbart and J. M. Rosenfield, both of Chicago, Ill. (Joseph Stein, of Chicago, Ill., of counsel), for appellants.

Reginald I. Kenney and Byron J. Hays, both of Milwaukee, Wis., for appellee.

Before KERNER and SPARKS, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This appeal is from an order entered March 25, 1948, authorizing Heller, receiver for the Todd Building Corporation, to join Heller, trustee in bankruptcy of the Clark Supply Company, in the execution and delivery of a deed for the sale of certain premises to which we shall refer as the Clybourn property, to the Northland Greyhound Lines, Inc. The order further authorized and directed the receiver to execute such further instruments as might be necessary and expedient to carry out the terms of the order of sale and the order of confirmation; directed that the proceeds of the sale be held pending determination of an appeal as to the jurisdiction of the court over the property involved, and that the lien of any valid lien should attach to the proceeds of the sale. The order also overruled the special appearance of J. Schneider and the Mercantile Discount Corporation, filed for the purpose of objecting to the summary jurisdiction of the court over them and the property.

The appeal involved in this case is a companion to and was consolidated for hearing before this court with the appeal in No. 9537. In the Matter of Clark Supply Co., 7 Cir., 172 F.2d 248. We have this day decided that under the circumstances there disclosed, the court did have authority over the property of the Todd Building Corporation which was not a separate entity nor an adverse claimant but was in fact part and parcel of the Clark Supply Company, Inc., the bankrupt in that proceeding. We therefore ruled that the court rightly exercised such authority to order Todd to turn over all property in its possession to Heller, trustee of Clark.

It now appears that pending determination of the issues in the Clark case, the trustee, on August 13, 1947, filed his petition in bankruptcy as a creditor of Todd, and subsequently, on March 8, 1948, filed the verified petition which ultimately resulted in the order from which the appeal here involved was taken. By this latter petition, he asked for a rule to show cause, directed to all known creditors of Todd and all parties claiming a lien on any property of Todd, why the receiver should not be directed to

join in the execution of the deed to the Clybourn property consummating a sale to Greyhound, and why a reference to determine the extent and validity of all liens should not be ordered. After the hearing on the rule to show cause, the court rendered findings of fact on which it based the March 25 order.

The findings of the court were based on the proceedings involving both the Clark Company and the Todd Corporation, both before and after the order of October 16, 1947, in the Clark case—from which the appeal in No. 9537 was taken. We omit those findings to which reference has been made in our opinion relating to that appeal.

The court found that on August 13, 1947, Heller, trustee for Clark, filed an involuntary petition for the adjudication in bankruptcy of Todd, and that on September 24 he was appointed receiver of the alleged bankrupt, Todd. Pursuant to the order of the referee of September 12, confirmed by the order of the court of October 16, schedules were filed in the Clark case by the officers of Todd disclosing ownership of the Clybourn property, subject to various liens including an alleged liability to Mercantile Discount Company for $40,000 to secure payment of which a deed had been executed and delivered to J. Schneider who took this deed as security for the liability of Todd to Mercantile; that Schneider had no personal interest in the security; that Mercantile was a Delaware corporation not licensed to do business in Wisconsin; and that there had been no transfer of possession to either Schneider or Mercantile.

Pursuant to the order of September 12, Heller, trustee, took possession of the Clybourn property, advertised it for sale, conducted an auction sale on September 30, subject to the approval of the referee, free and clear of all encumbrances, and reported such sale to the referee on October 6, 1947, pursuant to notice to lien claimants of Todd. This notice provided that, "In the event such sale is confirmed, your Trustee will move that all lien claimants * * * be obliged to file their verified claims against the proceeds of said sale within a time to be designated."

Upon hearing, the trustee reported the sale of the property for $169,500, free and clear of all encumbrances, subject to delivery of a title guaranty policy by March 31, 1948. No one appeared in opposition to the confirmation, and the sale was duly confirmed by order of the referee on October 13, and he therein directed that all lien claimants file their verified claims against the proceeds of the sale by October 27. The notice mailed by the referee to all such claimants, including Schneider and Mercantile, after reciting the facts as to the sale, provided:

"It Is Ordered, that the lien of any valid lien shall attach to the proceeds of said sale.

"It Is Further Ordered, that any person claiming any lien on said funds or interest therein shall file their verified claim * * * or be forever barred from any interest in said funds."

Every known alleged creditor claiming a lien on the Todd premises except Schneider and Mercantile filed claim in the bankruptcy as a creditor of Todd. No answer was ever made by Todd to the involuntary petition in bankruptcy against it. Motions to dismiss that petition were made by it on the ground that the trustee could not be a petitioning creditor in view of the order of the referee of September 12—then pending before this court on appeal. Both motions were denied without prejudice to renewal in the event the order of September 12, confirmed on October 16 by the court, should ultimately be affirmed by this court.

The court found that the price for which the premises were sold was far in excess of what would be realized from the sale if Greyhound should withdraw from its offer to purchase; that Greyhound had gone into possession upon confirmation of the sale, and that in order to make the premises useful for its needs it would have to expend large sums of money which it was unwilling to do until its title was assured.

The court also found that Todd was insolvent within the meaning of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq.; that the court had jurisdiction over the property and that that property was in the possession of the court; that Todd had not provided any supersedeas bond, and irreparable damage might ensue to creditors if the sale

were not consummated; that litigation in both cases would prolong the determination of the ultimate ownership of the property involved and that it was therefore his duty to prevent waste, depreciation in value and general harm, and to the interest of creditors that the property be converted into cash as speedily as possible, irrespective of the ultimate disposition of the relative merits of the several controversies described therein; that Schneider and Mercantile were not adverse claimants within the meaning of the Act and had never been in possession of the premises at any time, and that their interests were only those of an alleged mortgagee or lien encumbrancer; that the sale of the premises on the terms described was provident and beneficial to the estate and to the interest of all creditors, and that in order that the property be converted into cash to take advantage of the favorable offer he entered the order authorizing the receiver to join with the Clark trustee in executing the deed—the order involved in this appeal.

■ Joint notice of appeal was filed by the alleged bankrupt, Todd, together with Schneider and Mercantile. The only possible basis for appeal as to the two latter would seem to be as to the summary character of the order in view of their claimed title to the property. However, the bankruptcy court is always clothed with jurisdiction to determine the preliminary question whether an alleged adverse claim to title is such in fact or is only colorable, and in the latter case to exercise summary jurisdiction over the claimants. See 5 Remington on Bankruptcy § 2437 (4th Ed.). There was ample evidence to support its finding that the deed to Schneider was as security and that she had no personal interest in that security. Under the Wisconsin law, a deed for security purposes is construed as a mortgage and does not convey title. Cumps v. Kiyo, 104 Wis. 656, 80 N.W. 937. That being the case, there was no error in the overruling of their special appearance and the exercise by the court of its summary jurisdiction to transfer their liens, if any, to the proceeds of the sale.

■ Appellants assail the action of the court in using testimony and findings adduced in the proceedings in the Clark case to "bolster findings made without any evidence in this record." However, we note that the referee's order of September 12, 1947, confirmed by the court October 16, expressly provided that the title to the proceedings should be amended to include Todd, and that "any and all possible proceedings which have relation to the affairs of Todd Building Corporation shall be consolidated with these proceedings," and that all creditors should be made parties to the proceedings as amended. Thereafter, presumably, the proceedings went forward as consolidated. We note also that, according to the record in No. 9357, the notice of appeal by Todd in that case was captioned "In the Matter of Todd Building Corporation, Bankrupt." No error was asserted on that appeal as to those portions of the order directing amendment of title and consolidation of proceedings. Consolidation of the bankruptcy proceedings of affiliated corporations was held permissible under somewhat similar circumstances in Stone v. Eacho, 4 Cir., 127 F.2d 284; Id., 4 Cir., 128 F.2d 16, where it was found desirable to handle the affairs of two closely integrated corporations as a unit. So here, we think the court was justified in directing the consolidation and thereafter relying upon the evidence disclosed in the consolidated proceedings to support findings for an order in the Todd case.

■ Other issues sought to be raised on the appeal are directed to the refusal of the court to dismiss the involuntary petition in bankruptcy, the exercise of summary jurisdiction by the court in ordering the main sale and alleged defects in that sale resulting from the alleged absence of proper orders and notice of the sale, and lack of jurisdiction in the court to sell property of an alleged bankrupt prior to adjudication unless the property is perishable. We find none of these objections well founded. The validity of the sale itself is not before us, no appeal having been taken from any orders pertaining thereto. We must assume its validity in the absence of appeal. We have already held that the court did have jurisdiction to require Todd to turn over all its property to the trustee. Nothing herein presented requires us to consider subsequent

258

orders of the court in that proceeding, referred to by the court in its findings. The value of the order on the receiver may perhaps be open to question since, under all the circumstances, it would appear to be subject to the same infirmities alleged on the appeal in No. 9537. However, since we have held against appellant's contentions on that appeal, and find no impropriety in the order in the case at bar, the order of the District Court is affirmed.

Affirmed.