In re CLARK SUPPLY CO. et al.

MERCANTILE DISCOUNT CORPORATION et al. v. HELLER et al.

No. 9736.

United States Court of Appeals, Seventh Circuit.

Oct. 26, 1949.

---

Edward Rothbart, Julius M. Rosenfield, Joseph Stein, Chicago, Illinois, Edward Rothbart, J. M. Rosenfield, Chicago, Illinois, of counsel, for appellants.

Reginald I. Kenney, Byron J. Hays, Milwaukee, Wisconsin, Kenney and Hays, Milwaukee, Wisconsin, of counsel, for appellees.

Before KERNER, FINNEGAN and LINDLEY, Circuit Judges.

KERNER, Circuit Judge.

By this appeal the Mercantile Discount Corporation and J. Schneider seek again to have reviewed by this court issues which have been decided by us on two earlier appeals, to one of which they were parties. The facts of the controversy are fully disclosed in 172 F.2d 248 and 254, and we shall not again set them forth in detail. Appellant Schneider is an employee in the offices of the attorneys for Mercantile, and the record shows she has absolutely no interest in the property involved and has appeared throughout only as a nominee of Mercantile.

Very briefly, the Clark Supply Co., Inc., was adjudicated a bankrupt May 12, 1947. It immediately appeared that its affairs and those of three other corporations and two individuals, E. H. and B. E. Clark, were so intermingled that the court, after hearing, ordered that all be restrained from transferring assets derived from Clark. Thereafter, Todd, one of the four corporations, was also adjudicated a bankrupt under a proceeding ordered consolidated with the Clark proceeding, and it was further ordered that all its assets be turned over to the trustee in bankruptcy for Clark. All claimants against it and Clark were given notice of the consolidation and leave to file claims in the consolidated proceedings.

One of the assets involved in the turnover order was a parcel of real estate, the Clybourn property, which is again involved in this appeal. The title to this property had been conveyed by quitclaim deed executed by Todd on April 18, 1947 to Schneider, to secure an indebtedness arising out of the guaranty by Todd of an agreement executed between Mercantile and Buda, one of the four Clark corporations, following the "sale" by Buda of certain of its accounts to Mercantile on October 22, 1946.

After the Clark trustee took possession of the Clybourn property pursuant to court order affirmed by this court, he served notice of motion to sell it, and, if such sale were confirmed, his intention to move that all lien claimants be obliged to file their verified claims against the proceeds of the sale within a time to be designated. Such sale was duly had and confirmed, and thereafter notice was served on all creditors, including appellants here, to file claims arising out of any lien or interest in the funds.

Mercantile elected to ignore the order to file claims against the proceeds of the sale. Subsequently, when the Todd trustee obtained an order, affirmed by this court, to join in the execution and delivery of the deed to the Clybourn property as trustee for Clark, appellants here who had filed their special appearances objecting to the jurisdiction of the court, joined Todd, the Bankrupt, in an appeal from the order. We affirmed it in all respects.

While the appeals decided by this court, referred to above, were still pending, the trustee filed his petition in the consolidated Clark-Todd proceedings to set aside the deed from Todd to Schneider. He alleged that the deed constituted a cloud on the

title to the premises and prayed that Schneider and Mercantile be ordered to show cause why judgment should not be entered decreeing that the deed was null and void as to him, that the premises and the proceeds of the sale thereof should be held to be free of any claim of Schneider or Mercantile, and for any other relief which might be just and equitable. The order from which the present appeal stems granted substantially that relief.

Appellants state that the order to show cause was served on them together with subpoenas to appear on the return day, and that they did appear, but specially, and only for the purpose of objecting to the jurisdiction of the court over either of them as to the rule to show cause. The error upon which they rely to defeat the prayer of the trustee for the removal of the cloud on title is an extremely technical one which was raised on the appeal in No. 9625, 172 F.2d 254, 255, to which they were parties. Our decision in that case was rendered with full knowledge of the error alleged; we deemed it wholly without merit on that appeal; and after further consideration of the issues on this appeal we see no reason to reverse our earlier decision affirming the order of the District Court upholding the validity of the sale and directing that "the lien of any valid lien should attach to the proceeds of the sale."

We did not in terms state in that earlier opinion that the sale was one "free and clear of liens," but certainly that ruling was implicit in our decision since the issue was squarely presented, and we did refer to the "other issues sought to be raised * * * directed to * * * the exercise of summary jurisdiction by the court in ordering the main sale and alleged defects * * * resulting from the alleged absence of proper orders and notice of the sale * * *."

The effect of the earlier order was to uphold the trustee's sale and deed in all respects. However, since, as our earlier opinion indicates, he was obligated by the terms of that sale to deliver a title guaranty policy to the purchaser, we think he was entitled to the relief prayed in the petition here involved, to have the outstanding quit-claim deed to Schneider expressly declared null and void. We find no error in the other portions of the order appealed from.

Judgment affirmed.