In re PLAINVIEW REALTY,
INC., Debtor.

Ronald LIPSHIE, Trustee, Plainview
Realty, Inc., Plaintiff,

v.

NATIONAL BANK OF NORTH AMERI-
CA, Aberdeen Heating & Air Condition-
ing Corp., A.F.V. Aluminum Company
Inc., K–D Frame and Door Corp., Econo-
my Decorating Corporation, New York
State Dept. of Taxation and Finance
and Hon. Harold W. McConnell, Nassau
County Clerk, Defendants.

Bankruptcy No. 77B1542.

United States Bankruptcy Court,
E. D. New York.

Jan. 10, 1980.

---

Ronald Lipshie, trustee, Bay Shore, N. Y., for plaintiff.

Cole & Dietz, New York City, for N.B. N.A.

Julius Schatz, Seaford, N. Y., for Economy Decorating Corp.

Nicholas S. Carlisi, Island Park, N. Y., for A.F.V. Aluminum Co.

Semon & Braverman, Jericho, N. Y., for Aberdeen Heating & Air Conditioning.

C. ALBERT PARENTE, Bankruptcy Judge.

The issue presented calls for a definitive and dispositive determination of the litigants' rights, if any, to the proceeds derived from the sale of the debtor's real property.

A synoptic review of the salient and uncontroverted facts follows.

Plainview Realty, Inc. (hereafter, plaintiff) on June 16, 1977 filed a Chapter XI petition seeking an arrangement with its unsecured creditors. Thereafter, plaintiff commenced an adversary proceeding pursuant to Rules of Bankruptcy Procedure 701 *et seq.* to determine the validity, priority or extent of liens or other interests in certain real property improvements and personalty owned by the debtor, located in Plainview, New York. Coordinate therewith, plaintiff sought authority to sell the property to the Williamsburgh Savings Bank free and clear of all liens, claims and encumbrances, except liens of existing mortgages on the property held by Williamsburgh Savings and prior perfected liens, if any, subject to any higher or better offer approved and accepted by the Court.

By Order of this Court, dated November 1, 1977, a sale was consumated fully satisfying Williamsburgh's mortgage and yielding proceeds of $20,000, which sum constitutes the funds presently in issue.

Concomitant with the Order, plaintiff served upon each of the captioned defendants a notice containing the following provision:

NOTICE IS FURTHER GIVEN that all persons asserting or claiming liens or other interests in the Property shall file with this court a statement of the assertion or claim no later than five (5) days prior to the hearing date.

The record is devoid of any claims filed by the named defendants in comport with the foregoing notice.

Premised upon the above factual context, the trustee by petition, dated June 14, 1979 (Parenthetically, the Debtor was adjudicated on February 3, 1978.) contends that defendants' noncompliance with the notice of October 13, 1977 coalesces into a valid basis to estop and bar the defendants from asserting any interest in the $20,000 fund.

The Court disagrees finding that the trustee's contention lacks legal or equitable merit. Patently, the trustee has misconstrued the purport and specific intent of the subject Order.

Simply stated the *raison d'etre* of the Order was to identify all hostile claims to the bankrupt's assets, thus enabling the trustee to dispose of such claims without the specter of subsequent or future claims. In re *Lathrop, Haskins & Co.*, 223 F. 912 (2d Cir. 1915).

The objective of the Order was to establish the identity of unknown claimants consonant with the nature and extent of their claims against the properties sought to be sold. It was not intended that the reach of the Order carry to the extreme extent of invalidating the legal and substantive rights of lien holders of record. Such extension of the Order is clearly incompatible with settled precepts of law. In re *Clark Supply Co.*, 177 F.2d 344 (7th Cir. 1949). Moreover, the terms of the Order were not read or interpreted in *pari materia*. Implicitly, the consecutive closing paragraphs of the Order were meant to be read together and not disjunctively.

The provision, relied upon by the trustee, called for the assertion of liens or other interests against the property to be sold, whereas the provision immediately following required assertion of objections to the sale. Constant with such juxtaposition and common time frame, the thrust of the Order was meant to complement the assertion of objections to the sale in order to pave the way for the proposed sale free and clear of liens.

Plaintiff's interpretation endorsed by the trustee ignores the fundamental fact that the *sine qua non* of the Order was to give notice of the November 1, 1977 proceeding which contemplated solely the sale of the property and not a resolve of substantive rights or priority of the parties to the fund produced by the sale. Thus, adhering to the settled precedent and pattern in cases where property of a bankrupt is sold free and clear of liens with lien holders' rights attaching to the proceeds. *Drybrough v. Ware*, 111 F.2d 548 (5th Cir. 1940); In re *Clark Supply Co.*, supra.

Illustrative of the applicable procedural format and tenet of law appertaining see *Fierman v. Seward National Bank*, 37 F.2d 11 (2d Cir. 1930), cert. denied, 288 U.S. 613, 53 S.Ct. 404, 77 L.Ed. 986 (1933), where the Court adjudicated the claim on its merits notwithstanding the fact that the claimant failed after notice to assert a claim against the property sold.

The Court in *Drybrough v. Ware*, supra at 550, clearly articulated the precept that in bankruptcy where rights to property are transferred to the proceeds of sale,

"[I]t becomes the duty of the court, *after* the money is paid in and before distribution, to determine the rank of all claims thereto and supervise the distribution and payment accordingly." (Emphasis added.)

Having disposed of the intent and scope of the subject order it behooves the Court to advert and focus upon a dispositive adjudgment of lien holders rights *inter se*, viz., their respective priorities. *In re Boros & Reiss Art Weave Mills, Inc.*, 149 F.Supp. 28 (D.N.J.1957).

National Bank of North America (hereafter, NBNA) as the holder of a mortgage recorded August 30, 1976 contends that its

Appellant's mortgage recorded after the commencement of the improvement contained the covenant that the advances received thereunder would be applied first toward payment of the cost of the improvement. Accordingly it was entitled to priority over plaintiff's subsequently filed notice of mechanic's lien. (Lien Law, § 13) . . . A subsequently filed lien, such as plaintiff's is

762

subordinate to a mortgage by reference solely to the provisions of section 13.

In context with the factual findings and precepts of law above recited, judgment is granted in favor of the National Bank of North America adjudging NBNA's interest in the fund as a priority right superior to all other liens.