## UNION NAT. BANK OF CHICAGO v. McKEY.

(Circuit Court of Appeals, Seventh Circuit. June 21, 1900.)

### No. 610.

EQUITY—MISTAKE—PAYMENT OF FUND BY LIENHOLDER TO TRUSTEE IN BANK-
RUPTCY.

Where a bank, holding the note of a bankrupt and funds on deposit
sufficient to satisfy the same, pays the entire fund over to the trustee
in bankruptcy, through oversight, without first satisfying the note, it is
entitled to recover the amount of the note from the trustee in a court of
equity, without first offering to satisfy the note or bringing it into court
for cancellation.

Petition for Revision of Decision of the District Court of the United
States for the Northern Division of the Northern District of Illinois.

This matter was heard at the October session, 1899. The court is asked to
revise in matter of law the decision of the district court for the Northern
district of Illinois, Northern division, denying the petition of the Union Na-
tional Bank of Chicago for an order upon the trustee of the estate of Buchanan
& Reens, bankrupts, to repay the bank $1,000, alleged to have been paid by
the bank to the trustee through mistake. The facts are not in dispute and
in substance are these: On November 3, 1898, the Bank of Commerce of
Chicago transferred to the Union National Bank its deposits and bills receiv-
able, including the deposit of Buchanan & Reens, amounting to $1,400, and a
note of that firm for $1,000, payable on January 16, 1899. By November 7,
1899, when, upon their voluntary petition then filed, Buchanan & Reens were
adjudged bankrupts, the deposit had been increased to $2,583.95, and on or
about the 10th of the month McKey, who had been appointed trustee of the
bankrupt estate, drew out of the bank the entire sum deposited; the bank
by oversight neglecting to avail itself of the right to deduct the present value
of the note which it held against the bankrupts. This the referee, to whom
the petition was referred, found to have been "an accident," due in a measure
to the negligence of the president of the bank, but, under the unusual circum-
stances, not of a character so culpable as to bar the claim. The contrary opin-
ion of the district court, a copy of which is set out in the petition presented
here, concludes as follows:

"The evidence shows that, at the time the president of the Union National
Bank O. K.'d the check payable to the trustee, the fact of the possession by the
bank of the $1,000 note had escaped his mind. In legal effect the petition of
the bank seeks the re-establishment of a lien. There seems to be no doubt
that the money was paid to the trustee by oversight. While the question of
what constitutes a mistake of fact sufficient to be relieved against in equity
arises in this suit, yet in the mind of the court the decision of that question
is not necessary herein. None of the authorities cited by the parties draw
the line between the right to recover moneys paid by mistake and the right
to have a lien restored. Neither do they distinguish between cases of ordi-
nary liability, all the parties being solvent, and the cases where a preferment
is at issue, and the rights of third parties have attached. While in some
particulars a trustee may be said to represent the bankrupt, yet he is the
trustee and representative of the creditors also, and his receipt of moneys be-
longing to the bankrupt estate vests in each creditor an interest therein.
The money received on the check in question was mingled with other moneys
in the hands of the trustee. The identical funds cannot be designated. The
rights of the bank were based upon possession. Would not the order asked
require the court to create a new lien? In order to comply with the prayer
of the petition, the court would have to declare a lien upon the identical funds
alleged to have been in the possession of the Union National Bank, but upon
other moneys. This the court cannot do. The petitioner must prorate with
the other creditors."

Eli B. Filsenthal and Herman Frank, for petitioner.

James A. Fullenwider, for respondent.

Before WOODS, Circuit Judge, and BUNN and ALLEN, District Judges.

PER CURIAM.   The decision below was contrary to the principles enunciated by this court in the case of Oil Co. v. Hawkins, 46 U. S. App. 115, 20 C. C. A. 468, 74 Fed. 395.   It was not necessary that the bank should have offered to surrender the note in its possession to the trustee, or should have brought it into court for cancellation.   The clerk will certify to the district court direction to set aside the orders sustaining exceptions to the report of the referee and dismissing the petition, and to enter an order granting the relief prayed for.   There shall be no recovery of costs in either court.