**CHASSEN v. UNITED STATES.**

**No. 190, Docket 22594.**

United States Court of Appeals
Second Circuit.

Argued May 14, 1953.

Decided Sept. 4, 1953.

Writ of Certiorari Denied Jan. 4, 1954.

See 74 S.Ct. 309.

Levin & Weintraub, New York City (Benjamin Weintraub and Eugene N. Sosnoff, New York City, of counsel) for appellant.

H. Brian Holland, Ellis N. Slack and I. Henry Kutz, Special Assistants to the Atty. Gen. (Frank J. Parker, U. S. Atty., and Nathan Borock, Brooklyn, New York, of counsel) for the United States.

Before CHASE, CLARK and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The facts are set forth in the opinions of the referee in bankruptcy and of the district judge, both reported in 103 F. Supp. 351. It there appears that, on February 8, 1950, when the United States, by sheer inadvertence, paid the trustee in bankruptcy refunds of taxes in the amount of $35,373.43, the United States had on file in the bankruptcy proceedings a proof of claim, timely filed, for taxes on which there was owing $24,383.71.[1] This proof of claim stated that there were "no set-offs or counterclaims." Admittedly, the government could then have stated the actual facts. It did not do so until March 1951. Its statement at that time was the equivalent of an amendment, of its proof of claim, made after the expiration of the statutory period for the filing of claims.

The question, then, is whether such an amendment is valid. Our recent opinion in Rumsey Manufacturing Corp. v. United States, 2 Cir., 206 F.2d 565, serves to answer this question in the affirmative. For here no one changed his position to his detriment in reliance on the previous failure to state the facts.[2] Indeed, here

1. The adjudication in bankruptcy occurred on March 23, 1949. On May 10, 1949, the United States filed a claim, for taxes due, in the amount of approximately $246,000. Actually, there was then owing to it the amount of $24,383.71; an amended proof of claim for this smaller amount was filed October 30, 1950.

2. See also Lewith v. Irving Trust Co., 2 Cir., 67 F.2d 855, 856; In re Meade Tool

the justification for permitting the amendment is even stronger than in the Rumsey case, for here all parties concede the claimant's inadvertence.[3] The allowance of an amendment in the circumstances does not turn on the fact that the claimant is the United States.

Affirmed.

CLARK, Circuit Judge, concurring in the result.

& Die Co., 6 Cir., 164 F.2d 228, 230–231; In re Prindible, 3 Cir., 115 F.2d 21, 23; Hartford Accident & Indemnity Co. v. Coggin, 4 Cir., 78 F.2d 471, 477; Union National Bank v. McKey, 7 Cir., 102 F. 662; In re Myers, D.C.Ind., 99 F. 691; cf. Hutchinson v. Otis, 190 U.S. 552, 555, 23 S.Ct. 778, 47 L.Ed. 1179; U. S. National Bank v. Chase National Bank, 331 U.S. 28, 35–36, 67 S.Ct. 1041, 91 L. Ed. 1320.

In so far as In re Mauch Chunk Brewing Co., 3 Cir., 131 F.2d 48, 143 A.L.R. 451, may be considered *contra*, we disagree with it.

3. To the effect that waiver is the "intentional relinquishment of a known right," see Lehigh Valley R. Co. v. Providence-Washington Insurance Co., 2 Cir., 172 F. 364, 365; Clark v. West, 193 N.Y. 349, 360, 86 N.E. 1.