**In the matter of DIPLOMAT ELEC-TRIC, INC., Bankrupt.**

**No. 69–187–Bk.**

United States District Court,
S. D. Florida.

June 14, 1973.

**1164**

J. B. Booher, of Booher & McGrotty, Fort Lauderdale, Fla., for Trustee in Bankruptcy.

Miller, Tucker, Roth & Prominski, Pompano Beach, Fla., and Joseph A. McGowan, Miami, Fla., for petitioners-Diplomat Electric, Inc.

Eugene Heiman, of Heiman & Cleary, Miami, Fla., for respondent.

### MEMORANDUM OPINION AND ORDER ON PETITION FOR REVIEW

ATKINS, District Judge.

This cause is before the Court on two related petitions for review challenging the Referee's determination, after remand, that the respondent Westinghouse Electric Supply Company (Wesco) could set-off, under § 68 of the Bankruptcy Act, its contract judgments against the bankrupt, Diplomat, against the tort judgment Diplomat held against Wesco, and that this right of set-off was superior to the charging lien for attorneys' fees claimed by Diplomat's counsel.

The undisputed facts are detailed in the briefs and in this Court's August 19, 1971 order on petition for review. Summarizing, Wesco, in 1966 and 1967, obtained three judgments, all final and largely unsatisfied, against Diplomat on contract claims. Subsequently, Diplomat recovered a tort judgment against Wesco for libel and slander in an amount exceeding Wesco's judgment. Diplomat was represented in that effort by Miller, Tucker, Roth and Prominski and Joseph A. McGowan, pursuant to an agreement providing that they would be compensated from the proceeds of recovery with 50% of the gross recovery. Wesco superseded and appealed the adverse judgment. While that appeal was pending, Diplomat filed a petition for bankruptcy. Wesco filed a proof of claim in that docket asserting its contract judgments against the bankrupt. That proof of claim did not mention any set-off. Petitioners contend that this omission works a waiver of Wesco's right to claim a set-off. Wesco argues that it purposefully refrained from claiming a set-off since to have done so would have been inconsistent with Wesco's position before the Fifth Circuit, i. e., that Diplomat's judgment should be reversed.

When the Court of Appeals affirmed and, on August 27, 1970, denied rehearing, Wesco immediately raised the offset issue by filing, on September 3, 1970, its "Petition to Confirm Offset and To Resolve Conflicting Claims." Funds to satisfy the judgment in favor of Diplomat have been tendered to the trustee by Wesco, largely, petitioners contend, with proceeds received from its insurer, Liberty Mutual, which defended the libel and slander suit on Wesco's behalf.

■ Initially, Wesco's contention that the law of the case disposes of all issues must be rejected. None of the defenses raised, except possibly the contention that a tort claim cannot be set-off against a contract claim, was rejected either explicitly or implicitly in the Court's earlier ruling that a prima facie case had been made out by Wesco.

■■ Petitioners contend that Wesco's initial failure to claim a set-off in its proof of claim constitutes waiver of its right to assert it after affirmance. Wesco urges that, even if one does not accept the propriety of its awaiting a final decision from the Fifth Circuit before asserting set-off, the absence of any detrimental reliance by the petitioners renders the delay on Wesco's part irrelevant. This is well-taken. *Chassen v. United States*, 207 F.2d 83 (2d Cir. 1953), cert. denied, 346 U.S. 923, 74 S. Ct. 309, 98 L.Ed. 416 (1954). Further, as noted in *Chassen, supra*, waiver exists only where there is intentional relinquishment of a known right. In the case *sub judice*, Wesco had every intention of asserting its right to set-off if it became necessary. It obviously wished to avoid raising the problem if it could convince the appellate court to reverse the judgment secured by Diplomat. The related contention that the Referee's denial of Wesco's motion to amend its proof of claim to assert a set-off prevents him from ruling for Wesco on its petition to confirm offset is frivolous in light of his announcements at the March 12, 1971 hearing. The set-off question was properly resolved on the merits.

■ Petitioners' next argument is that the Wesco contract judgments cannot be set-off against the intentional tort judgment held by Diplomat. Section 68a of the Bankruptcy Act provides that "In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid."

Although the language of § 68 seems mandatory, the cases uniformly hold that the right to a set-off is discretionary. *See, e. g.,* First National Bank of Portland v. Dudley, 231 F.2d 396 (9th Cir. 1956). The principles and rules of equity jurisprudence guide the Court in the exercise of this discretion. Under the circumstances, the Court shares the opinion held by Collier that "the better view would seem to be that under § 68 tort claims may be set off against contract, or vice versa" so long as the claim asserted against the estate is provable under § 63, as is Wesco's debt claim. 4 Collier on Bankruptcy, § 68.04 at 879 (14th ed. 1969).

■ Petitioners rely instead on Brunswick Corp. v. Clements, 424 F.2d 673 (6th Cir. 1970), cert. denied, 400 U. S. 1010, 91 S.Ct. 564, 27 L.Ed.2d 627 (1971), which stands for the proposition that "a creditor of the bankrupt should not be permitted to pay himself through the device of setoff by converting the bankrupt's property, particularly at a time when he knows of the bankrupt's insolvency." *Id.* at 676. This same principle, that a general creditor will not be permitted unlawfully to secure a priority over other creditors, applies in the Fifth Circuit as well. Arkansas Fuel Oil Co. v. Leisk, 133 F.2d 79 (5th Cir. 1943).

This doctrine does not extend, as petitioners urge, to any willful tort. Even if the disparagement for which Diplomat was awarded $200,000 was a proximate cause of the bankruptcy, it did not reach the level of converting the bankrupt's property to receive a larger share of the estate than by sharing on a pro rata basis with other creditors. It is difficult to envision Wesco profiting by its slander of Diplomat, and the record is silent on that question. Accordingly, the Referee appropriately followed Collier's "better view."

■ Petitioners next press two interrelated arguments. They argue that § 68 requires "mutual debts" and that the requisite mutuality of obligation was de-

stroyed when Wesco posted a supersedeas bond. At that point the obligation of Wesco became a joint obligation, it is said, of Wesco and Fidelity and Deposit Company of Maryland. Their argument is bolstered by the fact that the trial court subsequently entered a judgment on the bond, after affirmance, against the surety. Therefore, they conclude, the joint obligation cannot be set off against the contract judgment which runs from Diplomat to Wesco alone. The secondary argument is that mutuality of obligors is lacking because Wesco's insurer, Liberty Mutual, in fact paid the tort judgment. The Referee properly disposed summarily of this second contention with the observation that Wesco should not be penalized for its foresight in providing insurance.

■ The contention that obtaining a surety who becomes a joint obligor destroys mutuality is objectionable from a policy standpoint. The practice of posting supersedeas bonds permits an unhurried appellate resolution of questions raised on appeal and avoids irreparable harm to the appellant in the interim. It should not be undermined in the name of equity by engrafting this proposed restriction on the right to set-off.

No cases on point are cited by the petitioners, as they rely instead on a more general discussion of the mutuality requirement. The many cases dealing with assignments are of course inapplicable. It would be inequitable to permit a creditor to assign his claim to another who can use it as a set-off. In this case, that problem does not exist. The judgment debt in question was owed by Wesco to Diplomat at the time of Diplomat's petition. The supersedeas merely suspended operation of the judgment and prevented execution on it. The policy of § 68 is in no way offended by permitting a set-off in such a situation.

■ A final challenge to the Referee's decision is presented by Miller, Tucker, et al., attorneys for Diplomat. They assert a charging lien for 50% of Diplomat's judgment against Wesco and seek a determination that, equitably, it should have priority over any offset allowed Wesco.

There is no statutory provision for charging liens in Florida, so they are governed by common law principles. The Referee ruled that the attorney's charging line was inferior to the right of Wesco to set-off its judgment. Wesco advances two persuasive arguments to support the favorable ruling. First, it notes that the attorneys undertook representation of Diplomat with knowledge of the claims, already reduced to judgment, of Wesco against Diplomat, and therefore cannot complain of the set-off. Finally, Wesco contends that the charging lien is subordinate to all set-offs against the judgment creditor existing at the time of the judgment on which the lien is asserted.

The briefs illuminate the split of authority on this question. Florida courts have not spoken to the point since 1855. In Carter v. Bennett, 6 Fla. 214 (1855), the Supreme Court adopted as its guide:

> The doctrine of the Courts of Chancery in England, as laid down in Ex parte Rhodes, 15 ves. 541 by Lord Eldon, that the right of set-off prevails in general cases, so as to interfere with the Solicitors lien upon the debt recovered. . . .

*Id.* at 258.

This statement is in accord with a line of cases from other jurisdictions where the charging lien is held to be superior to set-offs acquired subsequent to the attachment of the lien, but inferior to preexisting judgments:

> It is clear that the lien of the [attorneys] is limited to the equity of their client in the judgment. It cannot under the statute extend to an equity in the judgment which is owned by another and which is superior to that of the complainant.

Lewis v. Railroad Retirement Board, 256 Ala. 430, 54 So.2d 777, 780 (1951), cert. denied, 343 U.S. 919, 72 S.Ct. 677, 96 L. Ed. 1333 (1952). The Fifth Circuit adopted this view in United States Fidel-

ity & Guaranty Co. v. Levy, 77 F.2d 972 (5th Cir. 1935), an Alabama case in which the court drew heavily on the law of other jurisdictions.

The Referee properly ruled that, under the circumstances, the attorneys have no priority over a prior judgment creditor of the estate. On this point, as on all others raised by this petition for review, it is ordered and adjudged that the decision of the Referee is affirmed.