In the Matter of Donald Glenn
DAHLBERG and Sharon Lee
Dahlberg, Bankrupts.

Jeffrey R. MARCUS, Plaintiff,

v.

FARMERS COOPERATIVE ELEVATOR
COMPANY and Philip Eveloff,
Defendant.

Bankruptcy Nos. 77–60283–B–SJ,
77–60282–B–SJ.

United States Bankruptcy Court,
W. D. Missouri,
St. Joseph Division.

May 5, 1982.
As Amended July 9, Sept. 17, 1982.

Jeffrey R. Marcus, Kansas City, Mo., for
plaintiff.

Bruce Strauss, Kansas City, Mo., for Farmers Co-op. Elevator Co.

Philip Eveloff pro se.

FINDINGS OF FACT, CONCLUSIONS OF LAW AND FINAL JUDGMENT DENYING PLAINTIFF'S CLAIM FOR RECOVERY OF VALUE OF PREFERRED STOCK AND DIRECTING TURNOVER OF POST–BANKRUPTCY INTEREST

DENNIS J. STEWART, Bankruptcy Judge.

This adversary action has had a long and tortuous history through both this court and the district court, throughout which, despite the long pendency of this case, this court was not able to be presented with any accurate information respecting the factual underpinnings of the claim of the defendants of a valid and perfected security interest until the retention of local counsel by the defendant Farmers Cooperative Elevator Corporation.

Throughout the succession of hearings and trials which have been conducted in this case, the facts have been presented to the court by the defendants only in piecemeal fashion in accordance with such direct inquiry as the court itself was able to make. The plaintiff trustee apparently never took any discovery, either formal or informal, on the material factual issues.

■■■■ At the request of local counsel recently retained by the defendant Farmers Cooperative Elevator Company, an adjourned hearing of this action was conducted by the court on April 28, 1982. The plaintiff trustee then appeared personally and as his own counsel. The defendant Farmers Cooperative Elevator Company appeared by counsel, Bruce E. Strauss, Esquire. The defendant Eveloff did not appear. The evidence which was then adduced to the court is sufficient to demonstrate the following material facts:

(1) *The defendant has a valid security interest in the preferred stock, the value* *of which the trustee seeks to recover.* The evidence which has now and previously been adduced clearly demonstrates that the instrument signed by the bankrupts at the time they opened their account incorporated by explicit reference the articles of incorporation and the by-laws of the defendant Farmers Cooperative Elevator Company. The evidence now adduced on April 28, 1982, further shows *without any offer of contradiction by the trustee* the content of those articles and by-laws which explicitly provide for the taking of a security interest in the preferred stock which is the subject of this litigation.

The court is mindful that, in the hearing of February 19, 1982, the bankrupts stated that they had never seen these articles and by-laws. Their testimony in this respect was not contradicted by the testimony and evidence adduced by the defendant Farmers Cooperative Elevator Company on April 28, 1982. Nevertheless, it must be regarded as a fundamental rubric of contract law that an explicit incorporation of another document into the signed contract binds the signing parties, according to the clear import of the agreement, even where they have not seen the incorporated document. If a party is willing to be bound by any terms of a document sight unseen, the court cannot reform their clear and express agreement to this effect.

(2) *The security interest was perfected.* The prior testimony and evidence left the gravest doubt on the issue of whether the valid security interest described above was in fact perfected by possession, as of the date of bankruptcy, of the stock certificate by the defendant Farmers Cooperative Elevator Company. There had been conclusionary testimony to this effect, but little more, and an insufficient identification of the stock certificate which was alleged to have been in the possession of the Farmers Cooperative Elevator Company as of the date of bankruptcy. Further, in the course of the

hearing of February 19, 1982, the bankrupt Sharon Dahlberg clearly testified that the stock certificate was in the bankrupts' possession as of the date of bankruptcy. In the hearing of April 28, 1982, however, the defendant Farmers Cooperative Elevator Company produced the testimony of its credit manager to the effect that the certificates representing the preferred stock have been in the cooperative's own custody from the time of their issuance and through the date of bankruptcy; that the certificate referred to by Sharon Dahlberg as having been in the possession of the bankrupts through the date of bankruptcy was, in reality, a certificate which only represented other, common stock. Again, the court cannot ignore that, without definite identification of the respective certificates, some doubt must inhere in the testimonial propositions advanced by the defendant. But the trustee, on the other hand, did not and does not offer to produce any testimony which in this respect would contradict that of the defendant's credit manager offered in the hearing of April 28, 1982. And the court has for too long taken the initiative in conducting discovery piecemeal in an attempt to take up the absence of any effective effort on behalf of the bankruptcy estate. At some point, the parties must be permitted to rest their respective cases. If the testimony submitted by the defendant Farmers Cooperative Elevator Company is to be believed, the security interest was perfected. And that testimony, as of now, is both uncontradicted and unimpeached.

For the foregoing reasons, the court must conclude that the trustee's claim to recover the value of this preferred stock must be denied.

In respect to the postbankruptcy interest to date earned on the value of that stock, however, the trustee should prevail. This includes all the interest earned up to the present time, for, a postbankruptcy setoff, according to the principles and authority previously cited by this court, cannot be effective until judicial approval is obtained. Further, any and all setoffs are subject to the discretion of the bankruptcy court. "Although the language of § 68 seems mandatory, the cases uniformly hold that the right to a set-off is discretionary." *In re Diplomat Electric, Inc.*, 361 F.Supp. 1163, 1165 (S.D.Fla.1973), affirmed, 499 F.2d 342, 346 (5th Cir. 1974) ("We review the lower court's exercise of discretion mindful that it should not be disturbed in the absence of clear abuse.") And these principles are particularly applicable to postbankruptcy interest, the granting of which is always discretionary with the court.

For the foregoing reasons, it is hereby

ADJUDGED that the trustee's claim for recovery of the value of preferred stock be, and it is hereby, denied. It is further

ORDERED AND ADJUDGED that the defendants turn over to the trustee in bankruptcy all postbankruptcy interest thereon earned to the date of this judgment.