In re SOUND EMPORIUM,
INC., Debtor.

**Bankruptcy No. 6–81–00186–T–7.**

United States Bankruptcy Court,
W.D. Texas,
Waco Division.

Nov. 9, 1984.

John Guinn, Copperas Cove, Tex., for
Sound Emporium.

Adrian Overstreet, of Kammerman,
Overstreet & Huren, Austin, Tex., for Tex-
as Bank and Trust.

Grover Hartt, III, Asst. U.S. Atty., Dal-
las, Tex., for U.S.

## MEMORANDUM OPINION
## AND ORDER

BERT W. THOMPSON, Chief Judge.

On this date came on to be considered in
the above styled and numbered cause, the
Motion of the United States to Modify Au-
tomatic Stay and the Intervention In Mo-
tion to Modify Automatic Stay filed by
Texas Bank and Trust of Temple, Texas.
The Court, having reviewed the pleadings
in this cause and examined the evidence,
and having heard the arguments of and
authorities cited by counsel for both par-
ties, hereby renders the following Memo-
randum Opinion and Order in support of
the Judgment declaring that the Internal
Revenue Service has the right to setoff the
taxes owing from the debtor by the amount
owing from the United States Army to the
debtor. All Findings of Fact, made herein,
may be considered Conclusions of Law, if
appropriate. All Conclusions of Law not
specifically made herein are deemed made
in support of this Memorandum Opinion
and Order.

The facts relevant to this proceeding can
be summarized as follows:

On October 8, 1981, Sound Emporium,
Inc., filed a Petition under Chapter 7 of
Title 11 of the United States Code. A

timely Proof of Claim was filed by the Internal Revenue Service (hereinafter "IRS") on October 12, 1982. This Proof of Claim asserted a claim for unpaid withholding FICA and FUTA taxes in the amount of $9,900.25. The original Proof of Claim failed to assert a right of setoff.

On January 31, 1983, the United States Army's Finance and Accounting Center in Indianapolis, Indiana sent a letter to the IRS advising that it was holding $4,890.20 owing to Sound Emporium. The Army's letter to the IRS was addressed to the District Director in Dallas, Texas and did not reach the proper District and personnel until June 3, 1983.

Upon learning of the army debt, the IRS amended its Proof of Claim to assert a setoff of the Army debt for partial satisfaction of the tax liability owed by Sound Emporium. The amended Proof of Claim was filed on August 2, 1983. The debt from which the claim for setoff arose accrued on October 1, 1981, when Sound Emporium delivered two (2) computer printers to Fort Hood Army Base.

The issues presented for determination by this Court are: (1) whether the United States waived its right to setoff by failing to claim that right in its original Proof of Claim, and (2) whether the setoff should be permitted even if the claim of the United States is subordinate to other claims filed.

■ It is a well settled principle that amendments to proofs of claim are permitted where the amendment is the result of a party's lack of knowledge or mistake of fact. Amendments to proofs of claim may also be made after the expiration of the statutory period for the filing of claims so long as the parties did not rely to their detriment on the original proof of claim. *Chassen v. United States*, 207 F.2d 83 (2d Cir.1953), *cert. denied* 346 U.S. 923, 74 S.Ct. 309, 98 L.Ed. 416 (1954). The Fifth Circuit in *In Re Diplomat Electric, Inc.*, 499 F.2d 342 (5th Cir.1974) adopted the ruling espoused in *Chassen* holding that an amendment after the running of the statutory period was permissible where there

had been no detrimental reliance on the omission by other creditors. *Id.* at 347.

In the case at bar the IRS duly filed its Proof of Claim within the allotted time period. Not until several months after its original filing did the IRS learn that a disparate component of the United States Government, the Army, held funds which were available for setoff against the debt owed by Sound Emporium. Upon learning of the Army debt, though after the expiration of the statutory period for filing claims, the IRS amended its Proof of Claim to reflect a setoff.

■ It is apparent from the record that the statement in the original Proof of Claim that no offsets were available was the result of a good faith mistake in that the IRS promptly amended its Proof of Claim. Furthermore, it is evident that Texas Bank and Trust did not detrimentally rely on the original Proof of Claim filed by the Internal Revenue Service in that the Motion in Intervention filed by the bank is devoid of any such claim.

In turning to the question of whether the IRS may exercise its right to setoff, we must determine whether the subordinate nature of this claim precludes the use of Section 553 to offset the Army debt against the federal tax lien.

Section 553 permits setoff of claims between the bankrupt and a third party. "It applies both where the third party's claim is the larger and he seeks to be allowed a share of the estate, and where the bankrupt's claim is the larger and the bankrupt seeks to be paid on his claim against the third party." *Rochelle v. United States*, 521 F.2d 844, 855 (5th Cir.1975), *modified on other grounds*, 526 F.2d 405 (1976), *cert. denied*, 426 U.S. 948, 96 S.Ct. 3168, 49 L.Ed.2d 1185 (1976). Therefore, a claim may be setoff under Section 553 as long as it arises from a mutual obligation and it is not disallowed under any section of the Code. *See*, 4 Collier on Bankruptcy § 553.-01[4].

Section 507(a)(6) allows the payment of unsecured claims of governmental units in

the nature of taxes. The claim asserted by the IRS is for withholding, FICA and FUTA taxes. This tax claim is clearly within the purview of Section 507(a)(6).

Under Section 553 it is not mandatory that the debt and claim be of an identical character. The only requirement is that the debt and claim be mutual—that something is owed by both sides. *See, Ivanhoe Bldg. & Loan Association v. Orr*, 295 U.S. 243, 55 S.Ct. 685, 79 L.Ed. 1419 (1935). In the case at bar there are mutual obligations between the United States and the debtor.

The Fifth Circuit in *Rochelle v. United States*, supra, specifically addressed the issue of whether Section 553 could be employed to offset a subordinated claim. The *Rochelle* Court held that a "subordinated claim can be used to setoff a claim by the bankrupt estate against the creditor even though the subordinated claim could not itself share in the dividends." *Rochelle*, at 855.

In keeping with the Fifth Circuit's ruling in *Rochelle*, the claim of the Internal Revenue Service for withholding, FICA and FUTA taxes, though subordinate to the claim of Texas Bank and Trust, may be offset by the amount due the debtor by the United States Army for goods delivered.

Therefore, an order shall be entered declaring that the debt owed the Internal Revenue Service by the debtor in the amount of $9,900.25 shall be offset by the debt due the debtor, Sound Emporium, Inc., by the United States Army in the amount of $4,890.20 thereby leaving a net total due the Internal Revenue Service of $5,010.05.

### ORDER

In accordance with the facts and law fully set out in the Court's Memorandum Opinion on the Motion of the United States to Modify Automatic Stay and the Intervention in Motion to Modify Automatic Stay filed by Texas Bank & Trust, this Court is of the opinion that the automatic stay should be modified, it is therefore

ORDERED, ADJUDGED, and DECREED that the debt owed the Internal Revenue Service by Sound Emporium, Inc., in the principal amount of $9,900.25 shall be offset by the debt owing to Sound Emporium, Inc. by the United States Army in the principal sum of $4,890.20 thereby leaving a balance owed by the debtor to the Internal Revenue Service of $5,010.05. The remaining balance due it to be paid in due order as a priority claim under Section 507(a)(6).

All other relief sought by the parties which is not specifically granted herein is denied.