IVANHOE BUILDING & LOAN ASSN. *v.* ORR, TRUSTEE IN BANKRUPTCY.

No. 611. Argued April 5, 1935.—Decided April 29, 1935.

*Mr. Abraham Alboum,* with whom *Mr. Maurice J. Zucker* was on the brief, for petitioner.

*Mr. Saul Nemser,* with whom *Mr. Charles E. Hendrickson* was on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

In this case the question is whether a creditor of a bankrupt, who has recovered a portion of the debt owed him by foreclosure of a mortgage on property not owned by the bankrupt, may prove for the full amount of the debt, or only for the balance required to make him whole.

The owners of real estate in Newark, New Jersey, executed to the petitioner a bond in the penal sum of $23,000, conditioned for the payment of $11,500, secured by a mortgage on the land. The mortgagors subsequently conveyed the premises to the Eastern Sash and Door Company, which expressly assumed the mortgage debt. That company afterward conveyed to one Yavne. A default occurred and the petitioner filed a foreclosure bill against Yavne. The amount due was found to be $10,220.96.

with interest and costs. The property was sold by the sheriff and bid in by the petitioner for $100. Meanwhile the Sash and Door Company had been adjudicated a bankrupt. The petitioner presented a claim against the estate for $10,739.94, the amount then due on the bond less the $100 bid at the sale. It was stipulated that the mortgaged property acquired in foreclosure was worth $9,000. The referee reduced the claim to the difference,— $1,739.94,—and ruled the petitioner was not entitled to prove for any greater sum. The District Court and the Circuit Court of Appeals have held the referee's ruling was right.[1] The result appearing to be contrary to the weight of authority [2] we granted certiorari.[3]

Decision must be governed by relevant provisions of the Bankruptcy Act. The definition found in § 1 (23)[4] is:

" ' Secured creditor ' shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this Act, or who owns such a debt for which some indorser, surety, or other persons secondarily liable for the bankrupt has such security upon the bankrupt's assets."

Section 57 (e)[5] directs that " claims of secured creditors . . . shall be allowed for such sums only as to the courts seem to be owing over and above the value of their securities . . ."

Unless the petitioner was a secured creditor as defined by § 1 (23) it was not bound to have its security or the avails thereof valued and to prove only for the difference between that value and the face amount of the debt. Petitioner does not come within the definition, for at the date of bankruptcy it held no security against the bank-

---

[1] 73 F. (2d) 609.
[2] Rule 38, § 5 (b).
[3] 294 U. S. 700.
[4] U. S. C. Tit. 11, § 1 (23).
[5] U. S. C. Tit. 11, § 93 (e).

rupt company's property, nor security given by any other person who in turn was secured by the bankrupt's assets.[6] Sections 1 (23) and 57 (e) do not, therefore, forbid the proof of a claim for the principal of the bond with interest, though the petitioner may not collect and retain dividends which with the sum realized from the foreclosure will more than make up that amount. The court below was of this opinion, but thought that § 68 (a)[7] forbade proof of a claim for more than the balance of the debt after application of the avails of the foreclosure. That section directs, " In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid." The theory upon which this section was held to control the right to prove was thus stated:

" While the obligation of the bankrupt to pay the mortgage still remained, the mortgagee had gotten possession of the security, and, in enforcing this obligation against the bankrupt, the appellant-creditor [petitioner] must reduce its claim by the admitted value of the security less the $100 paid for it. The bankrupt owed the appellant [petitioner] the amount of the mortgage, and the appellant [petitioner] equitably owed the bankrupt the value of the security in his possession."

---

[6] The point was involved and necessarily decided, though not adverted to, in *Hiscock* v. *Varick Bank*, 206 U. S. 28; see the same case below *sub nom. In re Mertens*, 144 Fed. 818, 820. See also *In re Headley*, 97 Fed. 765; *Swarts* v. *Fourth Nat. Bank*, 117 Fed. 1; *In re Noyes Bros.*, 127 Fed. 286; *In re Sweetser*, 128 Fed. 165; *Gorman* v. *Wright*, 136 Fed. 164; *Board of County Commissioners* v. *Hurley*, 169 Fed. 92; *In re Bailey*, 176 Fed. 990; *In re Keep Shirt Co.*, 200 Fed. 80; *In re Thompson*, 208 Fed. 207; *Young* v. *Gordon*, 219 Fed. 168; *In re Pan-American Match Co.*, 242 Fed. 995; *In re Anderson*, 11 F. (2d) 380; *Hampel* v. *Minkwitz*, 18 F. (2d) 3; *Bankers Trust Co.* v. *Irving Trust Co.*, 73 F. (2d) 296.

[7] U. S. C. Tit. 11, § 108 (a).

This novel application of § 68 (a) is, we think, inadmissible. A creditor holding security who realizes upon it, does not " owe " his debtor the amount realized. The well understood concept of mutual debts does not embrace such a situation as is here disclosed.

*Judgment reversed.*