## In re BLIZARD.

No. 18562.

District Court, E. D. Pennsylvania.

Sept. 7, 1937.

482

George D. Kline, of Philadelphia, Pa., for bankrupt.

W. Horace Hepburn, of Philadelphia, Pa., for trustee.

Ferree Brinton, of Philadelphia, Pa., for Trust Co.

MARIS, District Judge.

The bankrupt's trustee has petitioned for the review of an order of the referee allowing the claim of the Industrial Trust Company against the bankrupt's estate in the sum of $17,500. Briefly stated, the facts are these:

The bankrupt and Lewis C. Lee were the owners of premises 5919 and 5921 North Broad street, Philadelphia, as tenants in common. They jointly executed a bond and mortgage secured upon said premises in the sum of $25,000, which bond and mortgage was unpaid at the date of bankruptcy and was then held by the Industrial Trust Company as assignee. The Industrial Trust Company filed a proof of claim as a secured creditor. After hearing evidence as to the value of the mortgaged premises, the referee fixed the value at $15,000; the value of the bankrupt's undivided interest therein being $7,500. He directed that this amount be deducted from the amount due on the bond and allowed the Industrial Trust Company's claim in the sum of $17,500. The trustee contended that the entire value of the mortgaged premises should have been deducted and that the claim should have been allowed in the sum of $10,000 only.

It will thus be seen that the sole question involved is whether a creditor of a bankrupt who holds as security for his claim a property owned in part by the bankrupt and in part by a third party must deduct the value of the entire property in determining the amount of his provable claim, or whether he is required to deduct only the value of the bankrupt's interest in the property.

Section 1 (23) of the Bankruptcy Act (11 U.S.C.A. § 1(23) defines a "secured creditor" as follows: " 'secured creditor' shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this title, or who owns such a debt for which some indorser, surety, or other person secondarily liable for the bankrupt has such security upon the bankrupt's assets."

Section 57e of the act (11 U.S.C.A. § 93(e) directs that: "Claims of secured creditors * * * shall be allowed for such sums only as to the courts seem to be owing over and above the value of their securities."

Under section 1(23) it is well settled that a creditor is a "secured creditor" within the meaning of the act only when his security is the bankrupt's property or is security given by another person who is in turn secured by the bankrupt's property. Ivanhoe Bldg. & Loan Ass'n v. Orr, 295 U.S. 243, 55 S.Ct. 685, 79 L.Ed. 1419; In re United Cigar Stores Co. (C.C.A.) 73 F.(2d) 296, certiorari denied Irving Trust Co. v. Bankers Trust Co., 294 U.S. 708, 55 S.Ct. 405, 79 L.Ed. 1243; Gorman v. Wright (C.C.A.) 136 F. 164. If the creditor's security consists of property in which the bankrupt has no interest but which belongs to a third party, he is entitled to prove his claim against the bankrupt for the full amount regardless of the security. Gorman v. Wright, supra; Ivanhoe Bldg. & Loan Ass'n v. Orr, supra. It follows that the securities referred to in section 57e, and which must be deducted from the claims of secured creditors, are only securities consisting of property owned by the bankrupt or given by another person who is secured by the bankrupt. The section does not refer to property held as security by a creditor which belongs to a third party.

We conclude that in the present case where the creditor holds as security a property owned one-half by the bankrupt and one-half by a third party, the only security required by section 57e to be taken into account by the court is the one-half interest owned by the bankrupt. This interest the referee valued at the sum of $7,500 and,

deducting it from the total amount due by the bankrupt, $25,000, he allowed the claim of the Industrial Trust Company in the sum of $17,500. In this he committed no error.

The order of the referee is confirmed.