**In re EDUCATIONAL PICTURES, Inc.**

No. 75599.

District Court, S. D. New York.

June 5, 1940.

Joseph Dannenberg, of New York City (Julius M. Arnstein, of New York City, of counsel), for petitioning creditor.

A. Walter Socolow, of New York City (Myron L. Shapiro, of New York City, of counsel), for trustee.

CONGER, District Judge.

This is a petition to review an order of the referee appointing a trustee of this estate. The referee refused to allow a claim to be voted in favor of petitioner's nominee, and overruled the objections to a claim voted in favor of the present trustee. The result was a stalemate, and if the referee was wrong in either instance, both of which are assigned as errors in this petition, he did not have the power of appointment, Bankruptcy Act, Section 44, sub. a, 11 U.S.C.A. § 72, sub. a. In addition, the appointee is attacked as an interested person.

The disallowance of the claim of Harry G. Fromberg as trustee of Grand National Pictures, Inc., was rested upon the fact that the claim was not liquidated and could not be liquidated within a reasonable time. The claim arose out of a contract whereby the bankrupt agreed to sell all of its assets to the claimant in return for 1,100,000 shares of claimant's $1 par common stock. The contract contained a clause whereby it was warranted that the assets were worth the agreed price of $1,100,000, but allegedly they were worth only $43,233.70. I think that the referee was right in ruling that this was an unliquidated claim within the meaning of Section 57, sub. d, 11 U.S.C.A. § 93, sub. d. Clearly, there would have to be an appraisal and valuation of the assets transferred to claimant before its damages for the breach of warranty could be ascertained.

The objection to the allowance of the claim of Electrical Research Products, Inc., was that it was a secured claim and should not have been permitted to vote. It appeared, however, that the security held by the creditor was that of a corpora-

808

tion other than the bankrupt. I agree with the referee, in his holding that this does not constitute a secured creditor within the meaning of Section 1, subdivision 28 of the Bankruptcy Act, 11 U.S.C.A. § 1(28), see Ivanhoe B. & L. Ass'n of Newark, N. J., v. Orr, 295 U.S. 243, 55 S.Ct. 685, 79 L.Ed. 1419, despite the fact that the stock of the corporation giving the security was largely owned by the bankrupt corporation. In the absence of fraud or some other intervening factor, the separate corporate entity could not be ignored. Finn v. George T. Mickle Lumber Co., 9 Cir., 41 F.2d 676, 677.

The only other question which remains is whether or not the referee was right in overruling the objection that the appointee was an interested person. With respect to this, it is sufficient to point out that there is nothing in the record to indicate that the present trustee is anything but impartial and disinterested.

The trustee's appointment is, therefore, upheld and the petition to review is dismissed. Settle order on notice.