## FEDER v. JOHN ENGELHORN & SONS.

No. 170, Docket 22575.

United States Court of Appeals
Second Circuit.

Argued Feb. 5, 1953.

Decided March 3, 1953.

Cohen & Auerbach, New York City, for Sol Feder, trustee-appellant; Joseph Lewis Simon, New York City, of counsel.

Bloom Harris & Tolmage, New York City, for John Engelhorn & Sons, creditor-appellee; Samuel A. Bloom, New York City, of counsel.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

John Engelhorn & Sons, a creditor (hereinafter referred to as "Engelhorn") filed a claim in the amount of $10,380.96 for meats that it had sold and delivered to the bankrupt George W. Comer, Inc., in No-

vember and December of 1950. In January 1951 because Engelhorn had become concerned over this debt,' two of the bankrupt's officers, George W. Comer and Benjamin C. Kaster, had assigned 'their 80% interest in 'a bond and second mortgage to Engelhorn as collateral security to guarantee payment of the obligation. George W. Comer, Inc., while solvent, had executed this bond and second mortgage in August 1947 on real property owned by it in Brooklyn, New York, in the sum of $10,000 to three of its officers. This mortgage was duly recorded. Under the terms of the assignment to Engelhorn if George W. Comer, Inc., failed to pay for the meats, the creditor was given full power to 'sell the 80% interest of the assignors in the bond and mortgage; upon repayment the 80% interest was to be reassigned to the two officers. At the date of adjudication the bankrupt still was the owner of the mortgaged property which was subsequently sold subject to the second mortgage pursuant to the referee's order in the bankruptcy proceedings. The purchaser later paid Engelhorn $7,315. for the interest which it held in the second mortgage. In the bankruptcy proceedings the creditor sought to have its claim for meat sold and delivered allowed in full and to receive dividends on the entire amount. Its general claim was allowed in full in the sum of $11,382.21 upon the condition that the trustee be paid $1,001.25, the amount of an admitted preferential payment made in January 1951, shortly before the filing of the petition in bankruptcy on March 15, 1951. The trustee contends that Engelhorn, as holder of a mortgage on the bankrupt's property, was clearly a secured creditor within the meaning of the Bankruptcy Act, § 1(28), 11 U.S.C.A. § 1(28), and hence its claim must be reduced by $7,315, the amount realized on its security. The referee held that Engelhorn was not a secured creditor since the security did not come from the bankrupt, but from the two individual officers, whose property it · was. The district court affirmed on the ground that, while the interest in the mortgage was a partial lien against the property of the

bankrupt, it was itself the property of the officers and not of the bankrupt.

The Bankruptcy Act defines a secured creditor as including "a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this act or who owns such a debt for which some ' * * * person secondarily liable for the bankrupt has such security upon the bankrupt's assets".. § 1(28), 11 U.S.C. § 1(28). Under § 57, sub. h of the Act, 11 U.S.C.A. § 93 sub. h, a dividend may only be paid upon the balance remaining after a secured creditor has realized upon the security. This provision is ·based on the unfairness to the general creditors of allowing a secured creditor to prove his claim in full, while depleting the assets of the bankrupt by realizing on the security. However, if the security is the property of someone other than the bankrupt, then the creditor is not within the above definition of a secured creditor and may prove his claim in full in the bankruptcy proceeding, although of course he may not retain dividends which, when combined with the amount realized on the security, exceed his claim. Ivanhoe Bldg. & Loan Ass'n v. Orr, 295 U.S. 243,. 55 S.Ct. 685, 79 L.Ed. 1419; 1 Collier on Bankruptcy 89–90 (14th Ed.). After some conflict it now seems clear that a creditor who has exempt property of the bankrupt for security is not a secured creditor and may also prove his claim in full. E. g., In re Guilliot, W.D.La., 47 F.Supp. 929; see 2 Remington on Bankruptcy 423–4; Note 17 Minn.L.Rev. 47, 53–4. In neither instance are the assets available to the general creditors reduced when the security is sold, nor would a surrender of the security swell the assets of the bankrupt. It is beyond dispute that Engelhorn had security in the form of a mortgage, and that this mortgage was on the property of the bankrupt, for the real estate was owned by it at the time the petition in bankruptcy was filed. A surrender of this security would have increased the size of the bankrupt estate. Thus it is clear that the reasoning of the referee that Engelhorn was not a secured creditor because it had not obtained

the security from the bankrupt, and the holding of the district court that the ownership of the mortgage by Engelhorn's assignors established Engelhorn as an unsecured creditor, were both erroneous.

 However, we do not think that the fact that Engelhorn was a secured creditor is decisive of the issue presented on this appeal. The claim asserted by Engelhorn which the trustee seeks to have reduced is one for meat sold and delivered. But the claim secured by the mortgage is the promise to pay contained in the bond signed by the bankrupt and assigned to the creditor. In the absence of an assignment Engelhorn would have been entitled to prove in full its general claim for the meats, and the assignors of the note and mortgage would have had a separate secured claim. The result of the assignment was to give the creditor a second and independent claim against the bankrupt. The fact that as between Engelhorn and its assignors the assignment of the bond and mortgage was only to furnish security for the debt owed by the bankrupt does not affect the right of Engelhorn to assert both of the claims which are completely owned by it in so far as the bankrupt is concerned. Since about four years intervened between the issuance and the assignment of the bond and mortgage, the officers clearly were not acting as straw men pursuant to a plan to convey to the creditor. Moreover, no suggestion is made that the bond and mortgage were not issued for value. If the amounts received by Engelhorn on the two claims exceed its general claim for the sale of meats, presumably the excess will go to the assignors of the bond and mortgage. But that does not affect Engelhorn's right to assert its general claim in full in the bankruptcy proceeding. This is clearly not a case where a bankrupt has given a creditor additional security for a debt, but rather there was a transfer of a pre-existing secured debt of the bankrupt to the creditor in addition to its original claim. Cf. In re Matthews, Inc., S.D.N.Y., 188 F. 445, modified Mathews v. Knickerbocker Trust Co., 2d Cir., 192 F. 557. Further, the agreement providing for the assignment of the bond and mortgage shows that the two officers made a

transfer, subject to defeasance if the bankrupt's debt were paid; they were not personally liable as guarantors with the bond and mortgage only furnished as additional security.

For the foregoing reasons Engelhorn is entitled to prove its claim in full for the sale of the meats. The order of the district court affirming the order of the referee which denied the trustee's motion to reduce the creditor's claim is affirmed.