In the Matter of BOROS & REISS ART WEAVE MILLS, Inc., Bankrupt.

No. 586-56.

United States District Court
District of New Jersey.

March 4, 1957.

Allan L. Tumarkin, Newark, N. J., for Creditors Committee.

Pellegrin & Pellegrin, by C. Norman Pellegrin, Newark, N. J., for Meinhard & Co., Inc., Secured Creditor.

Isidore B. Miller, Paterson, N. J., for Joseph F. Walsh, Trustee.

WORTENDYKE, District Judge.

Pursuant to 11 U.S.C.A. § 67, sub. c, a committee of unsecured creditors of the indicated bankrupt corporation has petitioned for a review of an order made by the Hon. William H. Tallyn, Referee in Bankruptcy, on December 11, 1956, and the Referee has duly filed with the Clerk of this Court his certificate upon said petition for review, together with a transcript of the testimony and exhibits therein referred to.

The order submitted for review allowed the claim of Meinhard & Company, Inc. as a secured creditor of the bankrupt, in the amount of $92,903.29, asserted as due under two certain chattel mortgages covering machinery and equipment of the bankrupt, each to secure the sum of $50,000, and dated, respectively, December 14, 1955 and May 25, 1956. Each of said mortgages was duly recorded in the Register's Office of the County in which the property was situated.

Petitioners assign for error upon the order under review

(1) that it is contrary to the weight of and not supported by the evidence;

(2) that it was an abuse of discretion on the part of the Referee to deny petitioners a sufficient opportunity to investigate the circumstances surrounding the making of the chattel mortgages;

(3) that the provision of the order exonerating the claimant of the mortgaged chattels from liability for payment of administration expenses and expenses of sale is illegal;

(4) that the allocation to the chattel mortgagee of 93% of the proceeds of sale of all of the assets including the mortgaged chattels is inequitable; and

(5) that the chattel mortgages are invalid as against the claims of general creditors under the Chattel Mortgage Act of the State of New Jersey.

The record below discloses that the questioned order followed two hearings before the Referee, held respectively on November 20 and December 11, 1956. At the earlier of these two hearings, the attorney for the present petitioners appeared in their behalf and participated in the argument and discussions although the cross-examination of the witness called in support of the secured creditor's claim was conducted by the attorney for the then Receiver (now Trustee). At the second of these hearings the attorney for the present petitioners was represented by another attorney who appeared in his behalf and successfully moved for the designation of Mr. Tumarkin as attorney for the creditors committee. Another attorney appeared at the same hearing in behalf of unsecured creditors generally, and he participated in the cross-examination of one of the officers of the bankrupt corporation. Although the record of the hearing of November 20 discloses that the Referee announced his decision in favor of the rec-

lamation petition of the chattel mortgagee, no order embodying that decision was entered until after the further hearing of December 11, 1956, at which the validity of the chattel mortgages was further explored. On the same latter occasion the first meeting of creditors was held, the present Trustee elected, and the meeting closed. At the conclusion of these proceedings, the order here brought up for review was presented and signed.

██ A reading of the transcripts of the two hearings which produced the order under review indicates adequate support in the evidence for the validity of the chattel mortgages and the validity and priority of the lien of the mortgagee upon the covered chattels. The actuality of the receipt by the bankrupt and the devotion to the bankrupt's credit of the amounts recited as secured by the respective mortgages was disclosed not only by the testimony of respective representatives of the mortgagee and of the bankrupt, but also by the documents and instruments marked in evidence, which fully accounted for the disposition of the proceeds of the respective loans or advancements thus secured. The disposition of these funds by the mortgagee by way of payment to or credit to the account of the mortgagor, as disclosed by the proofs presented to the Referee, is clearly within the meaning and intent of the affidavits annexed to each of the mortgages, which I find to be in full compliance with the requirements of Section 46:28–4 of the New Jersey Revised Statutes, N.J.S.A. applicable to such instruments at the time of their execution.

██ In addition to the security evidenced by the chattel mortgages, there was given to the reclamation claimant a mortgage upon the land and building occupied by the bankrupt as a tenant, made by the owner of said real estate, which, although having the same individuals for its stockholders as did the bankrupt corporation, was a separate corporate entity. It also appears that the promissory notes given by the bankrupt as mortgagor to the chattel mortgagee in each instance were endorsed by the officers of the bankrupt corporation, who were the stockholders of the corporate real estate lessor-mortgagor. There was ample opportunity afforded to the creditors represented by the petitioning committee to thoroughly explore the relationship between the two corporations so constituting respectively the lessor of the real estate and the bankrupt lessee thereof. No showing has been made to justify the conclusion either that the real estate was an asset of the bankrupt corporation, or that the lien of the real estate mortgage, which was admittedly held by the reclamation claimant, was one of the "securities held by" the chattel mortgagee which, by the provisions of 11 U.S.C.A. § 93, sub. h, was required to be offset against said chattel mortgagee's claim.

██ As was pointed out by Circuit Judge Augustus Hand, in Feder v. John Engelhorn & Sons, 2 Cir., 1953, 202 F.2d 411, 412 "If the security is the property of someone other than the bankrupt, then the creditor is not within the above definition [11 U.S.C.A. § 1(28)] of a secured creditor and may prove his claim in full in the bankruptcy proceeding, * * *" citing Ivanhoe Building & Loan Association v. Orr, 295 U.S. 243, 55 S.Ct. 685, 79 L.Ed. 1419.

██ I find that the Referee was amply justified by the evidence in concluding that Meinhard & Company, Inc. was a secured creditor of the bankrupt in this case by virtue of its two valid chattel mortgages upon which there was a balance due as of the date of the order here under review of $92,903.29.

██ At the conclusion of the hearing before the Referee on November 20, 1956, the attorney for the creditors committee urged that all of the bankrupt's assets, including the chattels subject to the mortgages, should be sold as a unit, free of liens of the chattel mortgages, in order to secure the highest possible price, and that the determination of the validity of those mortgages should be postponed until after the sale. I can find in the light of the evidence reviewed no basis for concluding that the Referee abused his

**32**

discretion in determining the validity of the chattel mortgages and the liens of the reclamation claimant in his order of December 11, 1956, which was not signed by him until after the further hearing of the latter date and the elapsed interval between it and the hearing at which the petitioners had sought the postponement of decision. In urging delay, the attorney for the present petitioners, at the conclusion of the hearing of November 20, 1956, suggested the tenuousness of any prospect of the development of a basis for a successful attack upon the validity of the chattel mortgages when he stated that in securing such a postponement for the purpose of further investigation and inquiry his clients might ultimately find that they had been "fighting windmills." Neither at the second hearing before the Referee nor in his brief or argument upon the pending petition for review, has any probability been shown or suggested that a postponement of the Referee's decision on the petition of the chattel mortgagee would be productive of proof which might tend to invalidate the mortgagee's claim.

■ The present petitioners also complain of the exoneration of the chattel mortgagee from liability for administration expenses and expenses of sale. While that criticism is set forth in the petition to review, it is not discussed in the brief of the petitioners nor was it argued by their attorney. It will, therefore, be deemed to have been abandoned. However, this Court finds no impropriety in the failure of the Referee to charge the chattel mortgagee with any of the expenses of administration of the bankrupt's estate, including the expenses of sale of the bankrupt's assets.

■ It appears from the official appraisal of the bankrupt's assets made for the Referee that 93% of the machinery and equipment, which was appraised at $28,203, was covered by the Meinhard chattel mortgages. The mortgaged chattels were valued at $24,080. The apportionment of the proceeds of sale of all of the mechanical equipment on the basis of 93% to the chattel mortgagee and 7% to the Trustee was arrived at with the approval of the Trustee and his attorney, and by agreement with the chattel mortgagee. To this arrangement no objection was interposed by or in behalf of any of the creditors upon either of the hearings. In approving this apportionment, the Referee equitably exercised a sound discretion in the light of all of the evidence before him. I cannot say that in so doing he abused his discretion.

■ The order of December 11, 1956 adjudicating that there was due upon the chattel mortgages the total sum of $92,903.29 appropriately directed that 93% of the proceeds of sale of the machinery and equipment should be allocated to the chattel mortgagee against its claims upon the chattel mortgages, undiminished by any deduction for administration expense or expense of sale. Although the evidence amply supported the chattel mortgagee's claim to possession and title of the mortgaged chattels, they were included in the bulk sale of all of the assets of the bankrupt. The sale to Meinhard of the machinery and equipment in bulk for $50,000, was confirmed, and 93% of that figure ($46,500) was properly subject to credit against the chattel mortgagee's established claim of $92,903.29.

The Referee's order of December 11, 1956 is therefore affirmed and the petition for review thereof is dismissed. An order may be submitted in conformity with the foregoing determinations.