**In the Matter of Joseph B. CAMPBELL, Charlene A. Campbell, Debtors.**

**Bankruptcy No. 3–80–00999.**

United States Bankruptcy Court, S. D. Ohio, W. D.

Dec. 11, 1980.

George L. Houck, Dayton, Ohio, for Claimant, Rike's.

John W. Garrett, Dayton, Ohio, for debtor.

William R. Coen, Dayton, Ohio, for P. S. R. Credit Union.

George Ledford, Englewood, Ohio, trustee.

DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court for consideration of the P. S. R. Credit Union's

Objection to the confirmation of the above debtors' Chapter 13 Plan. The following determination is based on the evidence adduced at a hearing held August 4, 1980 and the post-hearing memoranda of the parties.

Joseph B. and Charlene A. Campbell filed their petition for relief under Chapter 13 of Title 11 United States Code on April 15, 1980. Their schedules of debts and property list the P. S. R. Credit Union as a secured creditor with a claim of $7,500.00 secured by a 1970 Kon Tiki camper and a claim of $4,800.00 secured by a 1976 Ford truck. The debtors value the camper at $250.00 and the truck at $2,300.00. The proposed plan provides that P. S. R. will receive the value of its collateral and will retain its liens thereon.

P. S. R. filed a proof of claim on August 4, 1980 stating that the debtors were "at the time of the filing of the petition initiating this case, and still [are] indebted (or liable) to this claimant in the sum of $15,708.08 as of June 1, 1980, plus interest thereafter at 12% per year. (Joseph—$9,887.88 and Charlene—$5,820.20)." The proof of claim further indicates that the claim is secured by a 1970 Kon Tike camper, a 1974 Chevrolet and a mortgage on real estate recorded at Mortgage Book 77 464E05. P. S. R. filed its Objection to Confirmation of the debtors' plan on June 4, 1980 stating that the value of its collateral, a camper and a truck, had been grossly undervalued.

At the hearing of August 4, 1980, to evidence the value of the camper, the plaintiff submitted a memorandum from Del White, agent for White's Mobile Home Park and Sales, showing that White entered a bid of $850.00 to purchase the used Kon Tiki travel trailer. The offer was good, however, "only if the roof hasn't leaked ruining ceiling and wall paneling, upholstery isn't torn [sic] or beyond cleaning and plumbing hasn't been left with water in system causing bursted lines and fixtures. P.S. If any of above has happened then [sic] bid would be less after seeing the trailer." (Plaintiff's Exhibit A). We consider the probative value of this Exhibit to be very low. As stated in the bid, White made his offer "sight unseen" and warned that upon viewing the camper the bid might change. The debtors testified that the camper has many defects. It is a fact that the camper is ten years old. Based on the evidence in the record and the plaintiff's failure to provide the Court with evidence to the contrary, we find that the debtors' estimated value of the subject camper is reasonable.

With regard to the value of the secured truck, the Court would note that the plaintiff offered no evidence of the market value of said vehicle. Consequently, we find that the debtors have met their burden of proving the value of the vehicle in question by their sworn statement as to its value.

■ This brings us to the third issue arising in this matter and the most crucial, that of whether or not the P. S. R. Credit Union holds also a secured claim by reason of a mortgage in certain real property known as Lot Number 20,036 of the consecutive numbers of lots on the revised plat of the City of Dayton, Ohio. The Court takes judicial notice of the record deed wherein the debtors granted the subject property to Judith L. Mundey on February 28, 1978. Thus, the question for the Court is whether P. S. R. is a secured creditor for the amount of the mortgage despite the fact that the debtors did not own the mortgaged real estate at the time they filed their petition in this Court.

In its post-hearing memorandum, the plaintiff urges,

"[t]he point of P. S. R. Credit Union's objections is that the Plan does not provide for the payment of the mortgage and, therefore, has not been proposed in good faith in accordance with § 1325(2) [sic] and, in addition, the debtor cannot now surrender the property as required by (5)(C) [sic], because he has already deeded the property to a third party. Accordingly, objector contends that the Plan must be modified to provide for the payment of the $2200.00 mortgage, or confirmation of the Plan be rejected.

.  .  .  .  .

To require otherwise means that this creditor would be defrauded out of the mortgage claim, which certainly is not in good faith. Also, the debtor cannot expect the Bankruptcy Court to sanction his non payment of this obligation just because he has voluntarily conveyed away the asset."

We do not agree with the plaintiff's contention that it would be defrauded out of the mortgage claim. A valid mortgage would still be a lien on the premises, to follow the title to the real estate.

11 United States Code § 541(a) provides that the "commencement of a case under section 301, 302, or 303 of this title creates an estate." The section continues to describe the items which comprise the estate. 11 U.S.C. § 506(a) defines a secured claim as follows:

"An allowed claim of a creditor secured by a lien on property in which the estate has an interest, . . . is a secured claim to the extent of the value of such creditor's interest *in the estate's interest* in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim . . ." (emphasis added).

According to the evidence in the record, the debtors had no interest in the subject real estate at the time they commenced this case. Consequently, the estate created when the petition was filed could not have included any interest in said property. We conclude that the P. S. R. Credit Union does not have a lien on property in which the estate has an interest and, therefore, is not a secured creditor.

■ Even though 11 U.S.C. § 506, unlike former law, distinguishes between secured and unsecured claims, rather than secured and unsecured creditors, the fundamental principles enunciated by the decision of the Supreme Court in *Ivanhoe Bldg. & Loan Assn. v. Orr* (1935) 295 U.S. 243, 55 S.Ct. 685, 79 L.Ed. 1419, control in the application of confirmation requirements in Chapter 13 Individual Wage adjustment cases. 11 U.S.C. § 506 is concisely discussed in *3 Bkr. L. Ed. § 21.50.*

We are constrained to hold that a lien on the property of a third party, even though title is devolved mediately or immediately from the debtor, is not a secured claim against the estate of the debtor, unless and until the conveyance has been set aside pursuant to the avoidance powers enacted in 11 U.S.C., Chapter 5, Subchapter III of the statutes in such cases made and provided, or pursuant to the equity jurisdiction of the court to reform or remedy fraud or mistakes of the debtors or affected parties. Such questions and the necessary third parties are not before the court *instanter.*

It is ORDERED, ADJUDGED AND DECREED that the debtors' valuation of their camper and truck held as collateral to secure the claim of P. S. R. Credit Union is reasonable, there being insufficient probative evidence to the contrary presented.

It is further ORDERED, ADJUDGED AND DECREED that at the time they commenced this case under 11 U.S.C. § 302 the debtors had no interest in the real estate known as Lot Number 20,036 of the consecutive lots on the revised plat of the City of Dayton, and that the estate created upon the filing of the petition herein did not succeed to any interest therein. Therefore, the creditor P. S. R. Credit Union does not have a lien on property in which the estate has an interest, and its claim is not a secured claim to the extent of the mortgaged real estate.