In re VIRGINIA BLOCK COMPANY, Debtor.

VIRGINIA BLOCK COMPANY, Plaintiff,

v.

VIRGINIA WILBERT VAULT COMPANY, Defendant.

Bankruptcy No. 7–80–00688.
Adv. No. 7–80–0183.

United States Bankruptcy Court,
W. D. Virginia,
Roanoke Division.

Jan. 30, 1981.

G. Franklin Flippin, Wetherington, Flippin, Melchionna & Burton, Roanoke, Va., for debtor/plaintiff.

David A. Furrow, Woodward, Fox & Wooten, Roanoke, Va., for defendant.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

### STATEMENT OF FACTS

Virginia Block Company, Inc. (Debtor) is a manufacturer of fabricated concrete products, and a seller of among other items, fabricated burial vaults, building blocks, ready-mix concrete, lumber, hardware, paints and other building supplies. Virginia Wilbert Vault Company, Inc. (Vault) is a manufacturer and seller of, among other items burial vaults. E. Ray Lemon, Inc. (Lemon) is a certified public accounting corporation which has performed accounting services on behalf of Virginia Block since 1959. Mr. Lemon is also a majority shareholder and officer in the Vault Company. Virginia Block regularly purchased fabricated burial vaults from Vault Company on open account.

Virginia Block on July 19, 1980 filed a petition for relief under Chapter 11 of Title 11 of the United States Code, seeking the protection of the bankruptcy laws as it sought to reorganize its financial structure.

Virginia Block filed its complaint herein seeking to avoid an alleged set-off of its debt to Lemon by Lemon crediting the Lemon account which Block owed to Lemon for accounting work upon the account of Vault which in turn owed the Debtor. Vault Company in its answer denied it was indebted to Virginia Block and defended its position by alleging the set-off of mutual debts within the purview of 11 U.S.C. § 553. In Virginia Block's reply to Defendant's answer, it contended that Vault Company did not exercise its right of set-off nor was it entitled to any right of set-off as provided at 11 U.S.C. § 553.

The evidence showed that E. Ray Lemon, due to his long years of service to Debtor knew of the Debtor's financial difficulties and recommended improving its financial position by the sale of stock or possibly filing a Chapter 11 proceeding as early as May, 1980, several weeks before the actual petition was filed. On or about June 11, 1980, Lemon sent a letter to Virginia Block, a letter claiming to be an assignment, purporting to "trade checks between Virginia Block Co., Virginia Wilbert Vault Co., and E. Ray Lemon, Inc." The "trade" proposed was this:

```
"Dr. Accounts Payable (E. Ray Lemon, Inc.)    $7,000.00
 Cr. Accounts Receivable (Virginia Wilbert)    7,065.93
 Dr. Finance Charges (For 5/20/80 SC 63637)       65.93"
```

The essence of this triangular trade would be to clear E. Ray Lemon, Inc. out of the debt picture between Vault Company and Virginia Block, and at the same time, eliminate the debt owed to Virginia Block by Vault Company, the company in which E. Ray Lemon was a 50% owner and officer. Vault Company contends that the letter of June 11, 1980 in effect reduced the amount Virginia Block owed Lemon, increased the amount Vault Company owed Lemon, and reduced the amount Vault Company owed Virginia Block.

According to the evidence presented in the form of exhibits, Defendant's Exhibit No. 1 titled "E. Ray Lemon CPA, Account due from Virginia Block Co.," there is an accounting entry dated June 11, 1980 "Credit—to Virginia Wilbert" $7,000.00, which would then reduce the indebtedness to $2,497.47 as shown in the Balance of Account column. This fact comports with the letter of June 11, 1980 in which E. Ray Lemon, Inc. "proposed a trade" or in the words of Vault Company's counsel, effected an assignment of accounts receivable. Defendant's Exhibit No. 2, also entered into evidence and made a part of the Record, entitled "Virginia Wilbert Vault Co./Account due to Virginia Block Co.," however, reveals no book entry was ever made off-setting the alleged $7,000.00 amount. There was no ledger card entry or other evidence submitted to show whether or not Virginia Block did nor did not make a book entry off-setting the $7,000.00

amount in controversy. Virginia Block, Debtor, denies that any agreement existed or that Debtor consented to the proposed arrangement.

The issues presented are: (1) whether a valid assignment of accounts receivable took place by the June 11, 1980 letter and, (2) whether there was sufficient mutuality of claims such that there was a set-off between Virginia Block and Virginia Wilbert Vault Co. within the purview of 11 U.S.C. § 553. The parties stipulated that the amount due Virginia Block is the sum of $6,995.72 if the alleged assignment and set-off are invalid.

## CONCLUSIONS OF LAW

The initial question involves the validity of the June 11, 1980 letter, purporting to be an assignment of accounts receivable. Assignments are closely akin to contracts, requiring an offer, acceptance, and a consideration. *See* 6 *Am.Jur.*2d *Assignments* § 82 (1963). Therefore, an assignment must comply with the fundamental requisites which are applicable to contracts generally. In the course of business transactions with these three companies, there was evidence presented that many triangular trades had occurred in the past. But, here, in order for there to have been a valid assignment, the assignee would have had to consent or accept. The record here is devoid of evidence that there was any acceptance. Virginia Block denies it. The records of Vault do not reflect an entry which would indicate completion of the tri-partite arrangement suggested by Lemon in the letter of June 11, 1980.

The Uniform Commercial Code adopted in Virginia § 8.2–210(4) indicates that there must be an offer of assignment and an acceptance of the assignment:

"An assignment of "the contract" or of "all my rights under the contract" or an assignment in similar general terms is an assignment of rights and unless the language or the circumstances (as in an assignment for security) indicate the contrary, it is a delegation of performance of the duties of the assignor *and its accept-ance by the assignee* constitutes a promise by him to perform those duties. This promise is enforceable by either the assignor or the other party to the original contract." (emphasis added)

Without a valid assignment, there could be no mutuality of claims as required by 11 U.S.C. § 553 which reads in part:

"(a) Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case, except to the extent that—

(1) the claim of such creditor against the debtor is disallowed other than under section 502(b)(3) of this title:

(2) such claim was transferred, by an entity other than the debtor, to such creditor—

(A) after the commencement of the case; or

(B)(i) after 90 days before the debt of the filing of the petition; and

(ii) while the debtor was insolvent; or

(3) the debt owed to the debtor by such creditor was incurred by such creditor—

(A) after 90 days before the date of the filing of the petition:

(B) while the debtor was insolvent; and

(C) for the purpose of obtaining a right of setoff against the debtor."

The element of mutuality has remained the same from prior bankruptcy law. In this case, the defendant admitted numerous times that this arrangement was a triangular trade off—or at least a proposal for such. This is not a mutual debt situation. *McDaniel Nat'l. Bank v. Bridwell*, 74 F.2d 331 (8th Cir. 1934); *In re Rosenbaum Grain Corp.*, 103 F.2d 656 (7th Cir. 1939). Had the trade off been accepted by all parties concerned, there may well have been a valid set-off, but within the limiting provisions of

11 U.S.C. § 553(a)(2), (3). The basic test is one of mutuality—not similarity—something must be "owed" by both sides. *Ivanhoe Bldg. & Loan Assn. v. Orr*, 295 U.S. 243, 55 S.Ct. 685, 79 L.Ed. 1419 (1935) cited in 4 *Collier on Bankruptcy* § 553.04[2] (15th ed. 1979). And, of course, in order to have a set-off, such debts under § 553(a) must be valid and enforceable. In the instant case, there was an argument made by Plaintiff-Debtor that the $7,000.00 amount E. Ray Lemon, Inc. claimed due was in dispute.

Under § 68 (11 U.S.C. § 108) of the Act of 1898 the same rule applies as with the Bankruptcy Reform Act of 1978 as it relates to mutuality. The debts must be mutual to permit an off set. In 4 Col. § 68.04[2.1] the rule is stated hence:

> "To be mutual, the debts or credits must be in the same right and between the same parties, standing in the same capacity."

Citing numerous authorities. It is clear that the facts here prevailing do not comport to that standard and rule.

Even if we assume that a valid assignment existed and hence a possible set-off effected, it would appear to be a clear case for an avoidable preference under 11 U.S.C. § 547(b).

For the foregoing reasons the Court concludes that neither the alleged set-off or assignment were valid and accordingly, it is

### ADJUDGED AND ORDERED

that Plaintiff, Virginia Block Company, Inc. be, and is hereby granted judgment against the Defendant, Virginia Wilbert Vault Co., in the sum of $6,995.72 with interest at 8% from this date until paid and $60.00 costs.

Service of a copy of this Memorandum Opinion and Order is being made by mail to the Debtor; G. Franklin Flippin, Esq., Counsel for the Debtor; and David A. Furrow, Esq., Counsel for Defendant.