In re VIRGINIA BLOCK COMPANY, Debtor.

VIRGINIA BLOCK COMPANY, Plaintiff,

v.

Charles Lee BUSHONG, Defendant.

VIRGINIA BLOCK COMPANY, Plaintiff,

v.

Charles Lee BUSHONG and Miller A. Bushong, Jr., Individually, and t/a Bushong Realty, Defendants.

VIRGINIA BLOCK COMPANY, Plaintiff,

v.

Miller A. BUSHONG, Jr., Defendant.

VIRGINIA BLOCK COMPANY, Plaintiff,

v.

PULASKI MOTOR CO., INC., Defendant.

Bankruptcy No. 7–80–00688.
Adv. Nos. 7–81–0086 to 7–81–0088 and 7–81–0114.

United States Bankruptcy Court,
W. D. Virginia,
Roanoke Division.

Sept. 29, 1981.

William W. Terry, III, Roanoke, Va., Duane E. Mink, Radford, Va., for Virginia Block Co.

Eugene L. Nuckols, Pulaski, Va., for Pulaski Motor Co., Inc. and other defendants.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

The issue in these adversary proceedings is mutuality of debts due the debtor Virginia Block Company (Virginia Block) and claims of the respective defendants under § 553 of the Bankruptcy Reform Act of 1978 (Code), 11 U.S.C. § 553.

In the conduct of its business, Virginia Block had dealings with all defendants. Defendants Bushong Realty and Pulaski Motor Co., Inc. are entities wholly owned by the defendants Charles Bushong and Miller Bushong. Virginia Block maintained separate accounts for each of the individual defendants. Over the years, Virginia Block and the defendants developed a practice of offsetting mutual accounts receivable. When accounts between the debtor and each of the defendants reached approximately equal levels, Mr. Nash, vice president and general manager of Virginia Block would meet with Mr. Charles Bushong, and the two of them would agree on amounts due and draw and exchange checks in those amounts. The parties had no specific agreement to conduct business in this manner, the procedure simply grew out of the friendship of the parties.

In June, 1980, before Virginia Block filed its chapter 11 petition, Messrs. Nash and Bushong met to discuss the status of accounts and an exchange of checks, but the exchange did not take place. Subsequently, on June 19, 1980, Virginia Block filed its chapter 11 petition. No further discussion as to reconciliation of accounts has been held since that time. The evidence was undisputed as to the amounts due Virginia Block on the date of filing of the petition. On that date, Charles Bushong owed the debtor $679.73 (+ $78.35 service charge), Miller Bushong owed the debtor $2,854.09 (+ $401.26 service charge), Bushong Realty owed the debtor $4,830.12 (+ $203.51 service charge), and Pulaski Motor Co., Inc. owed the debtor $2,256.50 (+ $233.68 service charge). After the filing of the petition, the parties continued their business association and at the time of the filing of the respective adversary proceedings, the total amounts due the debtor were: Charles Bushong owed $870.77; Miller Bushong owed $3,816.42; Bushong Realty owed $6,360.00; and Pulaski Motor Co., Inc. owed $732.53. The debt of Pulaski Motor Co., Inc. decreased between the date of the petition and the date of the adversary proceeding, because on January 21, 1981, the debtor and Pulaski Motor Co., Inc. agreed to a setoff in the amount of $2,490.18. This sum is not in controversy.

The defendants in these proceedings responded to the complaints by asserting that the sums were not due and owing. In their argument and briefs, counsel narrowed the issue to whether the amounts of the debts were, or could be, the subject of a valid setoff of debts and claims under § 553 of the Code, 11 U.S.C. § 553. Under § 362(a)(7) of the Code, creditors are automatically stayed from exercising a right of

setoff under § 553. The creditor can be relieved from the stay, and proceed with the setoff, only after showing that the proposed setoff will not afford the creditor preferential treatment. *See* H.R.Rep.No. 595, 95th Cong., 1st Sess. 377 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787. Preferential treatment under § 553 is determined by using an "improvement in position" test similar to the test used to determine voidability of pre-petition transfers of property of the estate of the debtor. *See* 11 U.S.C. § 547(c)(5).

■ Under § 553 of the Code the critical determination is whether the debt is a mutual debt. As a general rule, for mutuality to exist, each party must own his claim in his own right severally, with the right to collect it in his own name against the debtor in his own right and severally. 4 *Collier on Bankruptcy* ¶ 553.04[4] at 553–30 (15th ed. 1980) [hereinafter cited as *Collier*].

Courts strictly construed the requirement of mutuality under § 68 of the prior Bankruptcy Act, and strict construction is still required under the Code. The established formula for finding mutuality is that the claims be owing to and be due in the same rights and capacities. *See Nairn v. J. A. Acosta & Co. (In re Rosenbaum Grain Corp.)*, 103 F.2d 656, 659 (7th Cir. 1939) Strict construction of the element of mutuality means that a debt due an individual partner cannot be setoff against a claim of the partnership. *Collier, supra,* at 553–31.

■ Furthermore, a corporation may not setoff the right of an associated, wholly owned corporation, even though local custom permits such a setoff. *See Inland Steel Co. v. Berger Steel Co., Inc.*, 327 F.2d 401, 403–04 (7th Cir. 1964). In *Berger*, the parties conducted business using purchase orders which specified a right of setoff for the subsidiary in favor of its parent corporation. The court held that agreement, even though acknowledged by the debtor as valid, to be superseded by a written blanket assignment of accounts receivable to a third party. The *Berger* court found that a setoff arrangement accommodating a parent corporation and its subsidiary would be al-

lowable only in those unique situations in which the parties to the transaction had, at the outset of their relationship, entered into a separate agreement clearly establishing the intention of the parties to treat the parent and subsidiary as one entity.

■ Given this strict construction, it is clear in this proceeding that the debts are not mutual debts within the meaning of § 553. Even though the parties continued a friendly working relationship over their years of association, their practice of disposing of the accounts at one meeting does not transform the individual accounts into the account of a single entity. Each debt was incurred by the respective customer in his or its own right. Virginia Block maintained separate accounting of the amounts due in the name of the customer. Likewise, a claim held by the customer, namely the claim of Pulaski Motor Co., Inc., is a claim of that individual entity alone.

What the defendants propose, in attempting to setoff the debts of individuals and their corporate or partnership alter egos, is a "triangular tradeoff" of accounts. This is not a mutual debt situation. Something must be "owed" by both sides. *Ivanhoe Building & Loan Association v. Orr*, 295 U.S. 243, 247, 55 S.Ct. 685, 687, 79 L.Ed. 1419 (1935). In a similar triangular tradeoff case, this Court has previously ruled that the proposed arrangement lacked the requisite mutuality under § 553. *See Virginia Block Co. v. Virginia Wilbert Vault Co.*, 8 B.R. 616, 618–19 (Bkrtcy.W.D.Va. 1981).

During the hearing on this matter, the evidence showed that the parties occasionally forgave each other finance charges, or "service charges" due on the respective accounts. There was no evidence of any formal agreement to conduct business without service charges, and the practice of forgiving such charges was apparently sporadic, at best. In the setoff with Pulaski Motor Co., Inc., it appears that the parties included service charges in the setoff amount. Given the fact that the parties have submitted their accounts with service

charges noted, those service charges will be allowed. The debts due Virginia Block will be the full amounts, including service charges, and Pulaski Motor Co., Inc. may include in its claim service charges on the remaining balance dating from the valid setoff on January 21, 1981. This does not decide the validity of any such claim.

For the foregoing reasons the debts due and owing Virginia Block Co. should be paid in full, and Pulaski Motor Co., Inc. is given leave to file a claim for sums that may be due and owing from Virginia Block Company. Judgment orders will be entered.