**In re Wilfredo Rosado de JESÚS and Ileana Rivera, Debtors-Appellants.**

Civ. No. 81–0269.

United States District Court, D. Puerto Rico.

Jan. 29, 1982.

Hector J. Figueroa-Vincenty, Hato Rey, P. R., for debtors-appellant.

Harry Bracer-Natal, Ponce, P. R., for appellee.

## OPINION AND ORDER

CEREZO, District Judge.

This case is before us pursuant to an appeal filed by debtors from an order dated December 16, 1980 entered by the Bankruptcy Court declaring appellees secured creditors. The factual background reveals that on June 22, 1975 debtors Wilfredo Rosado de Jesús and Ileana Rivera filed a petition in the Bankruptcy Court under Chapter 13 of the Bankruptcy Act.[1] In their statement of personal property, debtors-appellants included the amount of $3,591.91, owned by them in stock of the Cooperativa de Ahorros, Puerto Rican Cement Co., appellees. In the statement of creditors having unsecured claims without priority appellants included, Cooperativa de Ahorros, hereinafter Cooperativa, as a creditor for $2,649.86. All creditors were notified of the bankruptcy proceedings. On May 26, 1977 the plan offered by debtors was accepted and later confirmed by the Bankruptcy Court on January 10, 1978.

Cooperativa never appeared in the proceedings nor filed a proof of claim. Two years later, on January 14, 1980, debtors filed a complaint against Cooperativa requesting the discharge of their debt and an order to turn over the amount of $3,596.91 that Cooperativa held in stock. No answer was filed to the complaint whereupon it was granted and judgment by default was entered on April 14, 1980. Cooperativa then requested and was granted reopening of the adversary proceedings. After memoranda were submitted and a hearing was held, the Bankruptcy Judge determined that pursuant to Article 17 of the Savings Credit Unions Act[2] debtors-appellants, by operation of law, pledged their shares in the Cooperativa as guaranty to the loan granted by the latter. Therefore, the Court concluded that Cooperativa was a secured creditor and that its claim is a secured one to the extent of the amount and value of the shares held by it. The balance between the amount of the loan and the value of the shares was determined to be unsecured and discharged inasmuch as Cooperativa never filed a proof of claim with respect to that amount. Appellants allege that notwithstanding the fact that appellee has a statutory lien in its favor it has failed to make it valid by not complying with Rule 13–302(e)(1). They contend that the Bankruptcy Court erred in classifying Cooperativa as a secured creditor.

The Bankruptcy Act defines the term "secured creditor" as follows:

1. This case will be decided under the provisions of the Bankruptcy Act and not under the new Bankruptcy Code. Title IV, Section 403(a) of the Code provides:

   "A case commenced under the Bankruptcy Act and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Code had not been enacted..."

   The present case was filed in 1975, thus the Bankruptcy Act and not the new Bankruptcy Code applies.

2. Article 17 of the Savings and Credit Union, 7 L.P.R.A. Section 1117, states that:

   "The committee shall consider and approve or refuse loans applied for the members and shall determine the form and manner in which said loans are to be paid, all according to the borrowing rules as the Board of Directors may approve. Applications for loans shall state the purpose for which the loan requested, the securities offered and any other information the committee may deem pertinent.

   Payment of said loan shall be evidenced by a promissory note written in the terms of the Board of Directors may require the underwriters of said promissory note, whether members or non-members shall be considered principal and or solidary debtors. *The shares, deposits, and other credits said debtors may have in the saving and credit unions, shall be encumbered while the debt subsists wholly or in part...*" (Emphasis added)

"Secured creditor shall include a creditor who has security for his debt upon the property of the bankrupt of a nature to be assignable under this title or who owns such a debt for which some endorser, surety, or other person secondarily liable for the bankrupt has such security upon the bankrupt assets." 11 United States Code Section 1(28). See also *Ivanhoe Bldg. & Loan Assoc. v. Orr*, 295 U.S. 243, 55 S.Ct. 685, 79 L.Ed. 1419 (1935).

Rules 13–302(e)(1) of the Bankruptcy Rules states:

"A secured claim, whether or not listed in the Chapter 13 statement, must be filed before the conclusion of the first meeting of creditors in the Chapter 13 case unless the court, on application before the expiration of that time and for cause shown, shall grant a reasonable fixed extension of time. *Any claim not properly filed by the creditor within such time shall not be treated as a secured claim for purposes of voting and distribution in the Chapter 13 case.* Notwithstanding the foregoing the court may permit the later filing of a secured claim for the purpose of distribution by the debtor, the trustee, or a co-debtor." (Emphasis added)

In this case it is undisputed that appellee was a secured creditor pursuant to Article 17 of the Savings Credit Union Act which hat creates a statutory lien in favor of Cooperativa upon its lending money secured with shares bought by the borrowers, appellants herein. However, the secured creditor status, for purposes of voting and distribution, was lost by Cooperativa when it failed to file its claim as required by Rule 13–302(e)(1). Abundant jurisprudence exists to the fact that the mentioned rule requires a secured creditor to file his claim prior to the conclusion of the first meeting of creditors in order to maintain secured status for the sole purpose of voting and distribution. However, appellant's allegation that failure to comply with Rule 13–302(e)(1) has the effect of forfeiting appellees' statutory lien and that the debt is thereby discharged is, as a matter of law, incorrect.

In *United States National Bank v. Chase National Bank*, 331 U.S. 28, 67 S.Ct. 1041, 91 L.Ed. 1320 (1947) the United States Supreme Court stated that under the provisions of the Bankruptcy Act there are several avenues open to a secured creditor of a bankrupt. These are:

(1) He may disregard the bankruptcy proceedings, decline to file a claim and rely solely upon his security if that security is properly and solely in his possession. *In Re Cherokee Public Service Co.*, 94 F.2d 536; *Ward v. First Nat. Bank*, 202 F. 609.

(2) He must file a secured claim, however, if the security is within the jurisdiction of the bankruptcy court and if he wishes to retain his secured, inasmuch as that court has exclusive jurisdiction over the liquidation of the security. *Isaacs v. Hobbs Tie & Timber Co.*, 282 U.S. 734 [51 S.Ct. 270, 75 L.Ed. 645] (1931);

(3) He may surrender or waive his security and prove his entire claim as an unsecured one. *In Re Medina Quarry Co.*, [2nd Cir.] 179 F. 929; *Morrison v. Rieman*, [7th Cir.] 249 F. 97;

(4) He may avail himself of his security and share in the general assets as to the unsecured balance. *Merrill v. National Bank of Jacksonville*, 173 U.S. 131 [19 S.Ct. 360, 43 L.Ed. 640]; *Ex Parte City Bank*, 3 How. 292, 315 [11 L.Ed. 603]."

See *Moore v. Nat. Bank of Abilene*, 345 F.2d 638 (5th Cir. 1965); *Collier on Bankruptcy*, Vol. 3, p. 334, par. 5720(3), p. 169, par. 57.07(3); p. 181, par. 57.07(3.3) (14th Ed. 1964); *R.I.D.C. Industrial Development Fund v. Snyder*, 539 F.2d 494 (5th Cir. 1976).

Moreover, as stated in *Moore v. Natl. Bank of Abilene* at p. 640–641 *supra* (citing *Collier, supra*):

[A] secured creditor may exercise his option (to) keep his security and not file any claim. In that case . . . there is no room for application of section 57(h) . . . The secured creditor must be left free to protect his interest in the security in his possession without concern for the fate of the debtor. If he wishes to rely solely on

his security, he is controlled only by the terms of the governing contract and principles of fair play.

It is undisputed that appellee has in its possession shares of stock which belong to appellants and over which it has a statutory lien in its favor. Upon notification of Chapter 13 proceedings appellee chose to disregard the proceedings and relied instead on the security it had. Although this action has the effect of extinguishing the secured status for purposes of voting and distribution, appellee nevertheless retains the lien in their favor. Cooperativa relied upon their option as stated in *United States Natl. Bank v. Chase Natl. Bank, supra,* and understandably declined to file any claim. Debtors cannot seek a discharge of the debt and a denial of security on account of the creditor not filing a claim insofar as failure to comply with Rule 13–302(e) does not result in a forfeiture of security. As stated in *In Re Rush,* 6 BCD 139, 1 CBC 2d 904 (S.D.F.1980):

> Any other conclusion would encourage use of the quoted provisions in B.R. 13–1302(e)(1) for the deliberate purpose of depriving a creditor of his security and reducing his claim. There is nothing in the legislative history of the Code that indicates such a result was intended.

Appellee has retained its statutory lien and is entitled to retain the shares in its possession as security to the extent that they secure the amount of the loan made to debtors. The amount of the debt that exceeds the value of the security should be considered as unsecured, and, therefore discharged in the Bankruptcy proceedings. The parties may later resort to the appropriate legal procedure to enforce their respective rights in conformity with this Opinion.

The Bankruptcy Court's Order of December 16, 1980 is hereby AFFIRMED.

SO ORDERED.