**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENSINGTON APARTMENT PROPERTIES, LLC, | Nos.  23-3294 |
| | 24-1258 |
| Plaintiff-Appellee / Cross-Appellant, | D.C. No. 3:19-cv-05749-VC |
| v. | |
| LOANVEST IX, LP; SOUTH BAY REAL ESTATE COMMERCE GROUP, LLC; GEORGE CRESSON III, | MEMORANDUM* |
| Defendants-Appellants / Cross-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted April 7, 2025
San Francisco, California

Before:  S.R. THOMAS, PAEZ, and MILLER, Circuit Judges.

Loanvest IX, L.P. ("Loanvest"), South Bay Real Estate Commerce Group

LLC, and George Cresson III (collectively, "Defendants"), appeal the district

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

court's judgment in favor of Kensington Apartment Properties ("Kensington"). Kensington cross-appeals the district court's denial of attorneys' fees. We have jurisdiction pursuant to 28 U.S.C. § 1291. "We review the district court's grant of summary judgment de novo." *Tin Cup, LLC v. U.S. Army Corps of Eng'rs*, 904 F.3d 1068, 1072 (9th Cir. 2018). "We review the district court's conclusions of law *de novo* and its findings of fact for clear error." *McGuire v. United States*, 550 F.3d 903, 908 (9th Cir. 2008). We affirm the district court's judgment in favor of Kensington, but vacate the district court's order denying attorneys' fees and remand for further proceedings consistent with this disposition. Because the parties are familiar with the history of this case, we need not recount it here.

I

A

The district court correctly concluded that Kensington is legally entitled to credit for payments by Landmark West, LLC ("Landmark") against the loan from Loanvest.

First, it was not an abuse of discretion for the district court to conclude Kensington was not judicially estopped from claiming credit for Landmark's payment. *See Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013) ("We review 'the district court's application of the doctrine of judicial

2

estoppel to the facts of [a] case for an abuse of discretion.'" (alteration in original) (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001))). "[J]udicial estoppel is an equitable doctrine," without an "exhaustive formula" dictating its application. *Id.* (alteration in original) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)). One of the factors in considering whether to impose judicial estoppel is "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* (quoting *New Hampshire*, 532 U.S. at 751). Here, Loanvest concedes it always had knowledge of the co-debtor, and it received full compensation in repayment of the debt. It did not suffer any detriment, and Kensington did not derive an unfair advantage from the alleged failure to disclose the co-debtor. The district court could in its discretion find that these considerations counseled against the application of judicial estoppel.

Second, the district court correctly credited Kensington for Landmark's payment because Loanvest may not recover more than would make it whole on the original loan. Though the post-petition debt replaced Kensington's pre-petition obligation, the new instrument merely restructured the payment schedule of the original debt. It therefore is best understood to have preserved the joint-and-

3

several-liability feature of the pre-petition obligation.  Because Defendants admitted that, after Landmark's payment, the original debt was fully repaid, they may not recover more from Kensington.  It is irrelevant that both Kensington and Landmark have both been discharged from the original debt, *see* 11 U.S.C. § 1141(d)(1)(A), because Defendants' right to recovery is still limited to what will make them whole.  *Cf. Ivanhoe Bldg. & Loan Ass'n of Newark, N.J. v. Orr*, 295 U.S. 243, 246 (1935).[1]

## B

The district court correctly granted judgment to Kensington on its breach of contract and money had and received claims, both of which essentially argue that Defendants must return the money Kensington paid them, under protest, after Landmark's payment.  The Defendants waived all factual challenges to these claims by stipulating that "although they intend to preserve all other legal arguments they have made against these claims, . . . on the current record, Kensington is entitled to judgment on its claims for breach of contract and money had and received."  *See Lui v. DeJoy*, 129 F.4th 770, 780 (9th Cir. 2025) ("Waiver is the 'intentional relinquishment or abandonment of a known right[.]'" (quoting

---

[1] Because Defendants may not recover more from Kensington, their breach of contract counterclaim—that Kensington owed them more money under its Bankruptcy plan—fails.

*Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 n.1 (2017)).

II

We vacate the order denying attorneys' fees to Kensington. "We review the district court's award of attorneys' fees for an abuse of discretion." *Empress LLC v. City & Cnty. of San Francisco*, 419 F.3d 1052, 1057 n.4 (9th Cir. 2005). We interpret Chapter 11 reorganization plans in the same manner as we do contracts. *Hillis Motors, Inc. v. Hawaii Auto. Dealers' Ass'n*, 997 F.2d 581, 588 (9th Cir. 1993). "We review de novo '[t]he interpretation and meaning of contract provisions.'" *Lee v. Intelius Inc.*, 737 F.3d 1254, 1258 (9th Cir. 2013) (alteration in original) (quoting *Milenbach v. Comm'r*, 318 F.3d 924, 930 (9th Cir. 2003)).

The district court denied attorneys' fees solely because it held that Kensington's bankruptcy plan did not have an attorneys' fees provision. However, the bankruptcy plan incorporated the attorneys' fees provision from the promissory note securing the original debt. The bankruptcy plan said it "does not purport to reduce the amount of the claim in any way including, but not limited to, post-petition interest and all other charges provided under loan agreement with the Debtor." That incorporated the attorneys' fees provision of the "loan agreement with the Debtor," the promissory note. *See Shaw v. Regents of Univ. of California*, 58 Cal. App. 4th 44, 54 (1997) ("The contract need not recite that it 'incorporates'

5

another document, so long as it 'guide[s] the reader to the incorporated document.'" (alteration in original) (citations omitted)).

In addition, California law applies to interpreting the attorneys' fee provision of the promissory note, because the note was executed in California between California entities. Under California law, when a contract awards attorneys' fees, then the prevailing party on any action on that contract "shall be entitled to reasonable attorney's fees" and other costs. Cal. Civ. Code § 1717. Thus, California law allows Kensington to recover reasonable attorneys' fees. *See id.*

We express no views on how the district court should address further attorneys' fees proceedings, or on any other views the district court expressed in its attorneys' fees order.

### III

In sum, we affirm the district court's order granting judgment to Kensington, and vacate the order denying attorneys' fees and costs to Kensington and remand for further proceedings. Because of our resolution of these issues, we need not—and do not—address any other issue raised by the parties. Kensington shall be awarded its costs on appeal.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**