In re Lucia Sanchez
SANCHEZ, Debtor.

COOPERATIVA DE AHORRO Y
CREDITO DEL VALENCIANO,
Plaintiff/Movant,

v.

Lucia Sanchez SANCHEZ and Juan
Colon Gil De Rubio, Trustee,
Defendant/Respondent.

Bankruptcy No. B–86–02297(ESL).

United States Bankruptcy Court,
D. Puerto Rico.

June 9, 1987.

Julio Vazquez Muñoz, Caguas, P.R., for debtor.

Carlos J. Coll, Juncos, P.R., for plaintiff/movant.

Jose Colon Gil de Rubio, Santurce, P.R., trustee.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This matter is before the Court on the motion to lift stay filed by Cooperativa de Ahorro y Credito del Valenciano (Cooperativa) praying the Court to authorize the set-off of shares owned by the debtors and allegedly given as security for a loan. The debtor has opposed the motion on the grounds that section 553 of the Bankruptcy Code is not applicable to the instant case and thus the monies belong to the estate. The parties appeared before the Court on May 29, 1987 and agreed that the only issue was one of law and that there were no relevant facts in controversy.

The only issues before this Court are whether 11 U.S.C. § 553 is applicable to the instant case and whether the Cooperativa is a secured creditor. Both issues are answered in the affirmative.

The Court now enters the following findings of fact and conclusions of law pursuant to Rule 7052.

### Findings of Fact

The parties are in agreement that the relevant and material facts to this matter are not in controversy. The same are:

1. Debtor filed a petition under Chapter 7 of Title 11, United States Code, on December 9, 1986.

2. Debtor owes movant the amount of $2,390.46.

3. The total amount owed is due and has not been paid.

4. Movant holds deposits and shares in the total amount of $937.44 which guarantee the loan given to debtor.

### Conclusions of Law

Section 553 of the Bankruptcy Code provides for the setoff of debts between a debtor and a creditor. Such a section is applicable to a case under Chapter 7, 11, 12 or 13 of Title 11. See 11 U.S.C. § 103(a). Accordingly, the right to setoff is applicable to a petition under Chapter 7.

Articles 17 (§ 1117) and 19 (§ 1119) of the Savings and Credit Unions Act, 7 L.P.R.A. § 1101, et seq., create a statutory lien over all the shares deposited by a member of a credit union to act as a security for the payment of any loan obtained by the member. Thus, the credit union is secured to the extent of the amount and value of the shares held by it, *In re de Jesús*, 17 B.R. 918, 919 (Bankr. DCPR 1982), and an unsecured creditor for the balance.

### Conclusion

In view of the foregoing movant's motion to modify the stay in order to setoff the amounts of the shares owned by the debtor and apply the same to reduce the loan is hereby granted.

The Clerk shall enter judgment accordingly.

SO ORDERED.